SUBIN et al. v. JONES COUNTY HOSIERY MILLS, Inc.

No. 10982.

Circuit Court of Appeals, Fifth Circuit.

Jan. 3, 1945.

T. C. Hannah, of Hattiesburg, Miss., Leonard J. Schwartz, of Philadelphia, Pa., and Ross A. Collins, of Washington, D. C., for appellants.

Sam V. Pack, of Laurel, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

---

HOLMES, Circuit Judge.

Appellee brought this suit to recover from appellants moneys alleged to be due and owing under the terms of a contract between the parties for the manufacture of hosiery. The case was tried by the court without a jury, and resulted in a judgment for appellee for the full amount claimed. The questions raised on appeal require an interpretation of the contract in the light of the established facts.

For several years prior to 1940, appellee was engaged in the manufacture of hosiery under an agreement whereby it furnished the raw material, the equipment, and marketed the product; and the Jones County Agricultural High School and Junior College of Ellisville, Mississippi, pursuant to its program of vocational training, furnished student labor. On October 8, 1940, appellants leased certain machines to appellee (to replace some of the machines installed in the school) under an agreement whereby appellants should furnish raw materials, costs should be apportioned, and appellants should receive the produce from the machines leased by them upon paying a small management fee. The parties began operations under the contract on November 1, 1940. On February 12, 1941, appellants directed appellee immediately to discontinue to manufacture their raw material for their account, but appellee nevertheless continued operations until the end of that month.

The complaint alleged that appellants owed appellee, after crediting all advances made, the sum of $8,220.67 for their proportionate part of the production costs, the management fee, and certain miscellaneous items now agreed to have been owed. The court below found that these charges were proper, were accurately calculated, and were unpaid; and gave judgment for the demand in full. In this court, appellants contend (1) that the production costs were not apportioned in accordance with the contract, in that they were computed on the basis of *completed hosiery shipped* rather than *hosiery produced,* and (2) that they were not liable for any production costs or management fees for hosiery produced between February 12, 1941, the date notice was given to discontinue manufacture, and the end of that month when production ceased.

■ Paragraph 5 of the contract of October 8, 1940, provided that all costs and expenses incurred each month by appellee should be apportioned between the parties, appellants paying the percentage of the total that the quantity of hosiery produced during the month from materials supplied by them bore to the total quantity of hosiery produced, and appellee paying the remainder. The evidence shows that there were various steps in the manufacture of hosiery: certain machines fashioned the leg of the stocking, others the foot; then the two were joined, the toe was looped or sewed, the whole stocking seamed, and the completed product examined and boxed for shipment. It is appellants' contention that the quantity of hosiery produced, as provided in paragraph 5, meant production at any stage, or at least included production completed whether shipped or not. Appellee contends that the stockings were not produced until their manufacture was complete; that there was no substantial difference between hosiery completed and hosiery shipped, because shipments were made immediately upon completion; and that at any rate the parties by oral amendment altered their contract to provide for the apportionment of expenses on the basis of completed hosiery shipped.

The court below found as a fact that the contract was so amended prior to incurrence of the disputed costs. This finding was not challenged or assigned as error, but it is said to be so egregiously erroneous that this court should notice it. We have examined the record relevant to this issue, and deem the court's finding clearly supported by the evidence. The treasurer of appellee testified that he and appellant David L. Subin, in conference after the contract had been executed, orally agreed that the only reasonable basis upon which to figure production to determine the allocation of costs was on the basis of hosiery totally finished and ready for shipment; and that costs were billed on such basis throughout the life of the contract. Subin, as a witness, was asked if this agreement had been made, and he replied: "He could do with us anything he wanted; what was I to do?" The authority of these men to make a binding amendment to the contract is not questioned, and the amendment obviously was ratified by subsequent operations in conformity therewith.

■ Appellants' contention that the notice to discontinue manufacture excused them from liability for costs and fees incurred thereafter is likewise without merit. The contract forming the basis of the suit did not contemplate services alone. It involved the placement of leased machines

and raw materials on the school premises in full awareness of the terms of the agreement between appellee and the school, and in partial performance of appellee's obligations thereunder. The latter contract obligated appellee to supply machines and raw material, and could be cancelled at the option of either party only after ninety-days written notice. In these circumstances, the attempted cancellation of the former contract instanter was not effective to terminate appellants' liability for costs incurred in the subsequent operations. Moreover, appellants accepted delivery of their part of the goods produced during the period, and for this additional reason may not be permitted to escape their burden of the costs incident to production.

The judgment is affirmed.