PEDRO VALLE y CARMEN QUIÑONES, ETC., demandantes y recurridos, *v.* SUCESIÓN DE JULIO WISCOVITCH y THE GLOBE INDEMNITY CO., ETC., demandados y recurrentes.

*Número:* 353 *Resuelto:* 11 de abril de 1963

*Rivera Zayas, Rivera Cestero & Rúa* y *Aldo Segurola De Diego,* abogados de los recurrentes; *José N. Dapena Laguna* y *Julio Fernández Cabrera,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Globe Indemnity Co. expidió una póliza de seguro de responsabilidad pública a favor de Julio Wiscovitch. Cubría los daños que se ocasionaran en la operación del vehículo Chevrolet Pick-up Modelo 1955 por dicho asegurado o por cualquier otra persona que lo condujere con su consentimiento. El límite de responsabilidad por los daños causados, según establecido, era de $10,000 por persona y de $20,000 por accidente.

Mientras el vehículo de Wiscovitch discurría por la carretera que de Santa Isabel conduce a Ponce, a una velocidad exagerada y sin tomar en cuenta su conductor las condiciones del momento—el accidente ocurrió al atardecer, en el claroscuro crepuscular—chocó con un *jeep* al intentar éste cruzar por una de las vías que interseca la carretera principal. El conductor del *jeep* penetró medio metro en la carretera antes de detenerse.

En el accidente murió el asegurado Julio Wiscovitch. En esa ocasión lo acompañaban su hermano Waldemar y un amigo de apellido Valle. Ambos sufrieron lesiones serias. El accidente ocurrió el 20 de agosto de 1956. El 10 de octubre siguiente Valle radicó una demanda para resarcirse contra la Sucesión de Julio Wiscovitch[1] y contra la compañía de seguros. Alegó que Waldemar conducía el vehículo en el momento en que ocurrió el accidente. El 10 de enero siguiente Waldemar radica una demanda contra Valle y la Globe basada en que Valle era quien lo conducía.

La compañía aseguradora radicó en el pleito incoado por Valle demanda de tercero contra el dueño y conductor del *jeep*. Éste contestó y además reconvino.

Los dos pleitos fueron consolidados y vistos conjuntamente. La demanda de Waldemar contra Valle y la Globe fue desestimada. La de Valle contra la Globe fue declarada

---

[1] Durante la vista del caso se desistió de la reclamación contra la sucesión.

con lugar. Se declaró sin lugar la reconvención del tercero demandado pero el tribunal no hizo ningún otro pronunciamiento.

La Globe nos pidió revisáramos la actuación del tribunal de instancia. Así lo acordamos. Cinco errores apunta para sostener su recurso.

Consideraremos en primer lugar el apuntamiento que, de prosperar, tendría como consecuencia la revocación de la sentencia recurrida. La compañía aseguradora sostiene que el tribunal sentenciador "cometió error de derecho claro y manifiesto al no dar vigencia a lo establecido por las partes en la póliza en lo que se refiere a la cláusula de cooperación". El recurrido alega que no puede prosperar el error apuntado por no habérsele presentado la cuestión al tribunal de instancia.

▮ Las cláusulas de cooperación en los contratos de seguro tienen como fin proteger al asegurador de una posible colusión entre el asegurado y el perjudicado para defraudarle. Su violación, sin embargo, no conlleva *per se* el que se exima de responsabilidad al asegurador. Lo que en algunas circunstancias podría considerarse como falta de cooperación, en otras pudiera resultar inconsecuente. *Levy* v. *Indemnity Ins. Co. of North America*, 8 So.2d 774 (La. 1942). Ejemplo de esto es que se ha sostenido que el hecho de que se informe que una persona iba conduciendo un vehículo cuando en realidad era otra la que lo hacía, necesariamente no implica falta de cooperación. *Commercial Standard Ins. Co.* v. *Roadnour*, 241 F.2d 14 (10th Cir. 1956); *Ford* v. *Providence Washington Ins. Co.*, 311 F.2d 930 (Cal. 1957).

▮ Así, como requisito sustantivo, es necesario que la falta de cooperación del asegurado cause perjuicios al asegurador. Es por ello que en *Cuebas Fernández* v. *P. R. American Ins. Co.*, 85 D.P.R. 626 (1962) expresamos que: "[P]ara que la falta de cooperación del asegurado constituya un exi-

mente de responsabilidad del asegurador, lo debe ser en algún aspecto material y sustancial que le cause perjuicio."

Igualmente, y como requisito procesal, la falta de cooperación constituye una defensa que debe ser alegada afirmativamente. Claramente está incluida en la cláusula final de la Regla 6.3 de las de Procedimiento Civil de 1958(²) que dispone: "cualquier otra materia constitutiva de excusa o de defensa afirmativa". Así lo sostienen las autoridades. 1A Barron & Holtzoff, *Federal Practice, Rules Edition*, Sec. 279 (ed. 1960); *Pawlik* v. *State Farm Mut. Automobile Ins. Co.*, 302 F.2d 255 (7th Cir. 1962); *State Farm Mut. Automobile Ins. Co.* v. *Koval*, 146 F.2d 116 (10th Cir. 1944). Y es razonable que así se requiera, ya que de prosperar exime de responsabilidad a la aseguradora. Es claro pues que la parte perjudicada debe tener la oportunidad de enfrentarse a los hechos en que se basa tal defensa para poderlos controvertir o aclarar. El propósito de la regla es evitar las sorpresas. 1A Barron & Holtzoff, *op. cit.* sec. 279. El asegurador tiene el peso de la prueba para demostrar que el asegurado no ha cumplido con la disposición contractual que le obliga a cooperar en la defensa del pleito. *Pawlik* v. *State Farm Mutual Automobile Ins. Co.*, supra; *Pennsylvania Threshermen & F. M. Cas. Ins. Co.* v. *Owens*, 238 F.2d 549 (4th Cir. 1956); *General Casualty & Surety Co.* v. *Kierstead*, 67 F.2d 523 (8th Cir. 1933); *Fulkerson* v. *Iowa Home Mut. Casualty Co.*, 150 F.Supp. 663 (D. Wyo. 1957); *Pharr* v. *Canal Insurance Co.*, 104 S.E.2d 394 (So. C. 1958).

Ahora bien, dicha defensa debe ser alegada afirmativamente al contestarse la demanda. Puede entenderse ale-

---

(²) Dispone así la Regla 6.3:

"Al responder a una alegación precedente, las siguientes defensas deberán expresarse afirmativamente: transacción, aceptación como finiquito, laudo y adjudicación, asunción de riesgo, negligencia, exoneración por quiebra, coacción, impedimento, falta de causa, fraude, ilegalidad, falta de diligencia, autorización, pago, exoneración, cosa juzgada, prescripción adquisitiva o extintiva, renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa . . .."

gada si se presenta prueba clara e inequívoca, sin objeción, de que la falta de cooperación ha ocurrido y que por ello debe eximírsele de responsabilidad, aunque no lo haya alegado específicamente en la contestación a la demanda. En ese caso se consideran enmendadas las alegaciones para conformarlas con la prueba, según dispone la Regla 13.2 de Procedimiento Civil. En 2 Moore's *Federal Practice*, Sec. 8.27, pág. 1853, se dice:

"Si no se alega una defensa afirmativa se entiende que se ha renunciado a ella, hasta el punto que la parte que debía alegarla no puede ofrecer prueba para establecerla, a no ser que la parte contraria no objete a ello, en cuyo caso las alegaciones se consideran enmendadas para conformarlas a la prueba, o que se enmienden las alegaciones en la forma apropiada.

"El no alegar cuestiones constitutivas de una defensa afirmativa no impide, sin embargo, a una parte, utilizar para su beneficio la prueba de la parte contraria, si dicha prueba establece la defensa."

Cf. *Srio. del Trabajo* v. *Vélez*, 86 D.P.R. 585 (1962).

■ En el presente caso no se estableció la falta de cooperación del asegurado como defensa afirmativa. No fue expresamente alegada. La alegación que aparece en la contestación al efecto de que la póliza "está sujeta a las cláusulas y restricciones que aparecen de la misma" no puede en forma alguna considerarse como la expresión de una defensa afirmativa. Examinada la prueba tampoco aparece que el tribunal sentenciador tuviera ante sí base alguna para hacer una determinación a ese efecto. De los incidentes que apunta la demandada como demostrativos de que la corte tuvo ante sí dicha defensa lo único que surge es que de paso se hizo referencia al hecho de no haberse radicado un informe del accidente, (³) y de que la información que se transmitió no era cierta. Pero ni la simple mención hecha por algunos testigos ni las manifestaciones hechas por el abogado de la asegura-

---

(³) Si bien ninguno de los demandantes aquí lo hizo, la viuda del asegurado Julio Wiscovitch había ya remitido tal informe a la aseguradora.

dora tienen, individualmente o en conjunto, el efecto de plantearle a la corte tal defensa. Ya dijimos que es a la aseguradora a quien corresponde establecer esos hechos.

■ No habiéndose alegado como defensa especial la falta de cooperación ni existiendo prueba preponderante en el récord para establecerla, es obvio que el demandante no se enfrentó a ella con oportunidad de controvertirla. Y no habiéndose planteado el asunto, no erró el tribunal al no hacer determinación alguna sobre esta cuestión.

Consideremos el próximo error. Como antes apuntamos, el automóvil cubierto por la póliza de seguro expedida por la demandada era conducido a velocidad exagerada y sin tomar en cuenta su conductor las condiciones del camino. Chocó con un vehículo que discurría por una vía transversal y que intentando cruzar la vía principal, se había adentrado en ésta. El tribunal de instancia determinó que ambos conductores habían sido negligentes. En circunstancias similares así lo hemos resuelto. *Carolina Casualty Co.* v. *Guzmán,* 87 D.P.R. 898 (1963) y *Flores* v. *F. & J. M. Carrera,* 83 D.P.R. 332 (1961).

■ El tribunal de instancia hizo una determinación al efecto de que el conductor del vehículo asegurado era agente del dueño del mismo. La prueba no lo sostiene, pero el error no tiene consecuencias pues la póliza cubría a cualquier persona que condujera el vehículo con el consentimiento del asegurado. Y en este caso obviamente existía dicho consentimiento puesto que el asegurado también viajaba en el vehículo.

La parte recurrida se allana a que se rebaje la sentencia a $10,000 que es el límite de responsabilidad de la póliza. Se eliminan por tanto las indemnizaciones concedidas a los padres del demandante. Se elimina además la concesión de honorarios. Ciertamente la demandada no fue temeraria al defenderse considerando todas las circunstancias que rodean el presente litigio.

*Modificada en la forma antes expresada, procede la confirmación de la sentencia recurrida.*