*615 Opinión concurrente emitida por la
Jueza Asociada Señora Pabón Charneco,
a la cual se une el Juez Asociado Señor Rivera García.
Por entender que el arbitraje como método alterno de resolución de disputas es una defensa afirmativa y que no es necesario adoptar el escrutinio esbozado por la Opinión Mayoritaria, solamente concurro con el resultado de los pronunciamientos que anteceden.
I
El 26 de diciembre de 2000, las partes suscribieron un Standard Form of Agreement between Owner and Contractor para la construcción del Hotel Rincón of the Seas. En este Acuerdo se estableció lo siguiente:
§4.5.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the “Owner’s Representative” or 30 days after submission of the Claim to the “Owner’s Representative”, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
........
§4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the “Owner’s Representative” or 30 days after submission of the Claim to the “Owner’s Representative”, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5. AIA Document A201-1997, General Conditions of the Contract for Construction, Sec. 4.6, pág. 22, Apéndice de la Petición de certiorari, pág. 50.
Así las cosas y a pesar de estas Cláusulas, el 28 de marzo de 2011 H.R., Inc. (en adelante “recurrida”), pre- *616 sentó ante el Tribunal de Primera Instancia una Demanda por vicios de construcción, incumplimiento de contrato y daños y perjuicios contra Vissepó & Diez Construction Corp. (en adelante “peticionario”). En síntesis, alegó que el peticionario y sus subcontratistas no cumplieron con lo dis-puesto en el contrato, causándole unos daños ascendentes a un millón doscientos cincuenta mil dólares ($1,250,000).
En la Contestación a la Demanda presentada el 9 de mayo de 2011, el peticionario negó las imputaciones de ne-gligencia e incumplimiento contractual, pero no hizo nin-guna alusión a las Cláusulas de Mediación y Arbitraje a las que hicimos referencia anteriormente. Aproximadamente ocho (8) meses después, el 18 de enero de 2012, el peticio-nario presentó una Contestación Enmendada a la De-manda, en la que alegó que el tribunal carecía de jurisdic-ción para atender la causa de acción ante su consideración. Esto debido a que no se cumplieron las disposiciones con-tractuales acordadas: antes de presentar una reclamación en los tribunales, la misma debía ser sometida ante el re-presentante designado, recurrir a mediación y, en su de-fecto, a arbitraje.
Posteriormente, el 23 de enero de 2012, el peticionario presentó una Moción de Sentencia Sumaria por Falta de Jurisdicción, en la que alegó que el tribunal carecía de ju-risdicción porque no se agotaron los métodos alternos de resolución de disputas. Por su parte, el 10 de febrero de 2012, la recurrida presentó una Oposición a Moción Titu-lada “Moción de Sentencia Sumaria por Falta de Jurisdicción”. En la misma alegó que los actos anteriores a la presentación de la Demanda, así como el no plantear los métodos alternos de resolución de disputas como defensa afirmativa, constituyeron una renuncia a este derecho.
Mediante una Resolución emitida el 30 de julio de 2012, el Tribunal de Primera Instancia declaró “No Ha Lugar” la Moción presentada por el peticionario. Concluyó que los métodos alternos de resolución de disputas contenidos en el *617 Contrato constituían defensas afirmativas. Siendo así, y considerando que el peticionario es un contratista con ex-periencia y que no planteó esta defensa a tiempo, deter-minó que había renunciado a esta. Según el Tribunal, esto fue reafirmado por la conducta del peticionario al partici-par activamente en el descubrimiento de prueba. Además de contestar la Demanda, presentó una Demanda contra Tercero, interrogatorios y requerimiento de documentos, y participó en vistas. Finalmente, el Tribunal determinó que había controversias de hechos en torno a la alegación de los recurridos de que los peticionarios renunciaron a los méto-dos alternos de resolución de disputas antes de la presen-tación de la Demanda. Utilizando los mismos fundamen-tos, luego de declarar “no ha lugar” la Moción de Reconsideración, el Tribunal de Apelaciones denegó el cer-tiorari presentado por el peticionario.
Así las cosas, recurren ante nos y solicitan que revise-mos la determinación del Tribunal de Apelaciones y conclu-yamos que el arbitraje no es una defensa afirmativa, la cual queda renunciada si no se incluye en la primera ale-gación responsiva.
I — I hH
A. La Ley Núm. 376 de 8 de mayo de 1951 (32 LPRA see. 3201 et seq.) establece que las partes pueden acordar por escrito someter a arbitraje cualquier controversia exis-tente o futura, siendo este acuerdo válido y exigible. Por consiguiente, reiteradamente este Tribunal ha reconocido que el arbitraje es una figura contractual. S.L.G. Méndez-Acevedo v. Nieves Rivera, 179 DPR 359, 367 (2010); U.C.P.R. v. Triangle Engineering Corp., 136 DPR 133, 144 (1994); Rivera v. Samaritano & Co., Inc., 108 DPR 604, 606-607 (1979).
Asimismo, se ha reiterado que hay una fuerte política pública a favor del arbitraje como método alterno de reso- *618 lución de disputas. A tenor con este planteamiento, hemos expresado que “toda duda que pueda existir sobre si procede o no el arbitraje debe resolverse a favor de éste”. S.L.G. Méndez-Acevedo v. Nieves Rivera, supra, pág. 368. Sin embargo, la viabilidad del mecanismo está sujeta a que las partes lo hayan pactado y a la forma en que lo han hecho. Ìd.
Ciertamente, hemos sido enfáticos en nuestras expresiones a favor del arbitraje dado los beneficios que se pueden colegir al utilizarlo como un método alterno de resolución de disputas. El Prof. Demetrio Fernández Quiñones ha expresado que esta es la alternativa más formal en relación con la adjudicación y con el litigio judicial. D. Fernández Quiñones, El arbitraje obrero-patronal, Colombia, Ed. Forum, 2000, pág. 9. Según el profesor Fernández Quiñones, el carácter seductivo del arbitraje yace en que es una alternativa más ágil y económica en comparación con un litigio en nuestro sistema de justicia. Id., págs. 9-10. En otras palabras,
[p] ersigue el uso de la institución eliminar la solemnidad, los inconvenientes y dificultades del proceso judicial. También tiene como facultad imponerle un carácter excluyente al pro-ceso judicial. Ello se deriva de que una cláusula de arbitraje es un contrato que impide a los jueces y tribunales conocer de los conflictos o cuestiones litigiosas sometidas a arbitraje. Id., pág. 10.
Además,
[...] constituye un medio más apropiado y deseable que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes, ya que es menos técnico, más flexible y menos oneroso. Vélez v. Serv. Legales de P.R., Inc., 144 DPR 673, 682 (1998) (citando a Pérez v. Autoridad Fuentes Fluviales, 87 DPR 118 (1963)).
En síntesis, la presunción a favor del arbitraje que tanto ha sido resguardada por nuestro ordenamiento, está sus-tentada bajo la creencia de que el árbitro permite que las *619 partes resuelvan sus conflictos de una manera efectiva, ágil y económica.
B. Las Regla 6.3 de Procedimiento Civil, 32 LPRAAp. V, establece una lista no taxativa de defensas que una parte deberá expresar afirmativamente al momento de responder una alegación. De acuerdo con el tratadista Rafael Hernández Colón, las defensas afirmativas
[...] presentan planteamientos sustentados por cuestiones de hecho o de derecho que no consisten en negaciones de los he-chos alegados en la reclamación contra la cual se formulan. En concreto, una defensa afirmativa es la afirmación que hace el demandado con hechos o argumentos, que de ser ciertos, de-rrotan el reclamo del demandante, incluso si todas las alega-ciones del demandante fueran presumidas correctas. Son de-fensas que principalmente comprenden materia de naturaleza sustantiva y/o materia constitutiva de excusa por la cual la parte demandada no deba responder a las reclamaciones ins-tadas en su contra. Estas defensas se incluyen en la contesta-ción y van dirigidas a derrotar de un todo o modificar parcial-mente lo que pretende la reclamación.
Las defensas afirmativas no constituyen contrar-reclamaciones. Sólo tienen el propósito de derrotar la reclamación contra la cual se formulan. (Citas omitidas). R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, págs. 250-251.
A manera de ejemplo, la Regla 6.3, supra, enumera varias defensas afirmativas(1) y dispone que deberán plantearse de forma clara, expresa y específica. Esto implica que no pueden alegarse de modo general, sino que la parte tiene que ser específica al momento de presentarlas. Además, luego de las modificaciones que sufrió la Regla 6.2 de *620 Procedimiento Civil, 32 LPRAAp. V, la alegación de la defensa deberá acompañarse también de una relación de hechos que la fundamenten.(2) Es decir, no basta con mencionarla, sino que hay que fundamentarla; de lo contrario, se entenderá que la parte ha renunciado a la defensa. Regla 6.3, supra. Véase, además, Presidential v. Transcaribe, 186 DPR 263, 280 (2012).
Por consiguiente, una defensa afirmativa deberá in-cluirse al momento de contestar la alegación; no puede plantearse en ninguna otra etapa posterior del proceso judicial. Hernández Colón, op. cit., pág. 251.(3) Véase, además, Díaz Ayala et al. v. E.L.A., 153 DPR 675, 695 (2001). Como excepción a esta regla, se podrá presentar posterior-mente si la parte supo de esta durante el descubrimiento de prueba. Regla 6.3, supra. Esta es la única circunstancia que las Reglas de Procedimiento Civil consideran para que se permita enmendar la alegación e incluir una defensa afirmativa. Ciertamente, esto está sujeto a que se demues-tre que la omisión no se debió a falta de diligencia alguna. Comité Asesor Permanente de Reglas de Procedimiento Civil, Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Su *621 premo de Puerto Rico, marzo de 2008, pág. 76 (citando a López v. J. Gus Lallande, 144 DPR 774 (1998)).
No obstante, la jurisprudencia ha establecido que el tribunal podrá considerar una defensa afirmativa que no ha sido planteada en la contestación a la primera alegación si es producto de una enmienda a las alegaciones mediante la prueba presentada en el juicio no objetada por las partes. J.E. Candal & Co. v. Rivera, 86 DPR 508, 515—516 (1962).(4) Véase, además, Valle v. Sucn. Wiscovitch, 88 DPR 86, 91 (1963).
Es importante señalar que, excepto por la falta de juris-dicción, las partes tienen que argumentar las defensas afirmativas. En nuestro ordenamiento el derecho es ro-gado, por lo que es impropio que un tribunal actúe como un abogado de la parte. Álamo v. Supermercado Grande, Inc., 158 DRP 93, 105 esc. 10 (2002).
Ahora bien, la Regla 6.3, supra, es equivalente, en parte, a la Regla 8(c) de Procedimiento Civil federal, 28 USCA.(5) Cuevas Segarra, op. cit., pág. 402. Véase, ade- *622 más, Presidential v. Transcaribe, supra, pág. 280. En la regla federal, el arbitraje está establecido expresamente como una defensa afirmativa. Así, varias jurisdicciones le han dado este tratamiento y han concluido que la parte renuncia a su derecho si no incluye el arbitraje como defensa afirmativa en su primera alegación responsiva. Para una aplicación del arbitraje como defensa afirmativa, véanse: Spataro v. Hirschhorn, 837 N.Y.S.2d 258 (N.Y. 2007); State ex rel. Barden and Robeson Corp. v. Hill, 539 S.E.2d 106 (W.Va. 2000); U.S. v. Commercial Union Ins. Group, 294 F. Supp. 768 (N.Y. 1969).
Por otro lado, al igual que nuestra regla, la regla federal tampoco contiene una lista taxativa de todas las defensas afirmativas. Por consiguiente, los tratadistas norteamericanos Wright y Miller han expresado que cuando el demandado tiene alguna duda sobre la clasificación de una defensa, es conveniente que la plantee como una defensa afirmativa para evitar que posteriormente se entienda que ha renunciado a este derecho. 5 Wright and Miller, Federal Practice and Procedure Sec. 1278 (2004).
C. Como bien señala la Opinión Mayoritaria, este Tribunal le ha otorgado un tratamiento de defensa afirmativa al arbitraje como método alterno de resolución de disputas. En McGregor-Doniger v. Tribunal Superior, 98 DPR 864 (1970), el demandado alegó que las defensas especiales presentadas por la peticionaria, al igual que la toma de deposiciones, constituyeron una renuncia a su derecho de arbitraje. Ante esto, el Tribunal concluyó lo siguiente:
Las actuaciones de la peticionaria no constituyeron una renuncia de su derecho de arbitraje pues en su primera alegación en el caso invocó tal derecho y solicitó la suspensión de los procedimientos hasta que se procediese al arbitraje pactado en el contrato. Sus actuaciones subsiguientes fueron limitadas y *623 no inconsistentes con su posición inicial de insistir en el arbitraje. (Énfasis suplido). Íd., págs. 869-870.
Posteriormente, en PaineWebber, Inc. v. Soc. de Gananciales, 151 DPR 307 (2000), el Tribunal reiteró lo dispuesto en McGregor-Doniger v. Tribunal Superior, supra. En este caso, luego de culminado el descubrimiento de prueba y que los demandantes presentaran una solicitud de desesti-mación, los demandados reiteraron que lo que procedía era desestimar el litigio para iniciar el procedimiento de arbi-traje según pactado. Es importante destacar que desde la Contestación a la Demanda, los demandados plantearon la defensa de arbitraje y solicitaron que se desestimara la causa de acción presentada. La parte demandante fue la que suscribió el Contrato de Adhesión que contenía la Cláusula de Arbitraje en cuestión; sin embargo, estaba reclamando que los demandados renunciaron a este derecho. Por consiguiente, el Tribunal concluyó que cualquier per-juicio que pudiera sufrir la parte demandante era autoin-fligido y ordenó la paralización de los procedimientos para que las partes se sometieran al arbitraje pactado.
Esta jurisprudencia refleja que este Tribunal ha sido consistente en reconocer que una parte no ha renunciado a la defensa de arbitraje cuando invoca el derecho en su pri-mera alegación responsiva. Asimismo, no hay duda de que el arbitraje como método alterno de resolución de disputas es cónsono con el tratamiento que en nuestra jurisdicción se le ha otorgado a una defensa afirmativa. Esto porque cuando una parte reclama que la controversia debe presen-tarse en el contexto de un arbitraje en vez de un proceso judicial, no niega los hechos alegados en la reclamación. Por el contrario, es un asunto de materia sustantiva en la medida que el peticionario solicita que se valide lo acor-dado contractualmente con la otra parte y se permita resolver la controversia en un foro alterno al judicial.
Si bien es cierto que el arbitraje no está expresamente incluido en las defensas enumeradas en la Regla 6.3, su *624 pra, este Tribunal ha utilizado el inciso (r) de esta regla y ha reconocido otras materias constitutivas de defensa afir-mativa aparte de las enumeradas. En Valle v. Sucn. Wiscovitch, supra, pág. 90, este Tribunal reconoció que la falta de cooperación de un asegurado es una defensa afirmativa en el contexto de un litigio sobre una póliza de seguro de responsabilidad pública. Al respecto, se expresó que “[claramente está incluida en la cláusula final de la Regla 6.3 de las de Procedimiento Civil de 1958 que dispone: cualquier otra materia constitutiva de excusa o de defensa afirmativa’ ”. (Escolio omitido). Íd.
Asimismo, en Insurance Co. of P.R. v. Tribunal Superior, 100 DPR 405, 408 (1972), reconocimos que la defensa de inmunidad gubernamental en cuanto a los intereses por temeridad son una defensa renunciable si la parte no la argumenta al contestar la demanda. Por otra parte, la inmunidad condicionada también se ha reconocido jurispru-dencialmente como una defensa afirmativa. Acevedo v. Srio. Servicios Sociales, 112 DPR 256, 263 (1982). Para ejemplos adicionales sobre actuaciones similares de este Tribunal, véanse: Díaz Ayala et al. v. E.L.A., supra, págs. 695-696 (falta de cubierta de una póliza de seguros); Villanueva v. Hernández Class, 128 DPR 618, 652 (1991) (defensa del comentario imparcial); Odriozola v. S. Cosmetic Dist. Corp., 116 DPR 485, 506 (1985) (mitigación de daños).
A tenor con lo que hemos expuesto hasta el momento, somos del criterio que debemos ser consistentes con las expresiones anteriores de este Tribunal y concluir que, por virtud de la Regla 6.3(r), supra, el arbitraje es una defensa afirmativa. Esto implica que cuando una parte quiere establecer que el asunto sobre el cual versa la causa de acción debe dilucidarse mediante un procedimiento de arbitraje, deberá hacerlo así al momento de contestar su alegación o se entenderá que ha renunciado a este derecho. Esto es así a menos que a pesar de que la parte haya actuado diligentemente, advenga en conocimiento de la exis- *625 tencia de la defensa afirmativa luego de haber presentado la alegación responsiva. En el caso del arbitraje, esto es improbable debido a que, como hemos expresado, esto es una figura contractual producto de un acuerdo válido y exi-gible entre las partes. No obstante, la Regla 6.3, supra, así lo permite. Además de esto, como discutimos anterior-mente, la jurisprudencia ha dispuesto que el tribunal puede considerar una defensa afirmativa si se presenta sin objeción mediante la prueba en el juicio. Sin embargo, no contemplamos cómo una parte puede avalar una petición de remitir la controversia a arbitraje cuando ya están en una etapa tan avanzada de los procedimientos.
Además de ser consistente con nuestros pronunciamien-tos anteriores, concluir que el arbitraje es una defensa afir-mativa también es cónsono con el propósito mismo de un método alterno de resolución de disputas. Como bien ex-presó el profesor Demetrio Quiñones, lo valioso del arbi-traje es que le permite a las partes resolver las controver-sias de una manera más ágil y económica.
La Opinión Mayoritaria nos invita a que adoptemos pro-nunciamientos de la jurisdicción de Nueva York y conclu-yamos que para determinar si una parte renunció a su derecho de arbitraje no se puede considerar simplemente si lo planteó como defensa afirmativa, sino evaluar si la parte actuó afirmativamente en el procedimiento judicial. Para esto se arguye, además, que los tribunales, en su discre-ción, pueden determinar si la parte incurrió en incuria o tuvo mala fe al momento de alegar su derecho de arbitraje.
A la luz de toda nuestra jurisprudencia, la cual hemos esbozado, no nos parece razonable adoptar el escrutinio propuesto. Resulta difícil concebir que mientras el arbi-traje tiene su razón de ser en la agilidad y economía que le provee a las partes en comparación con un procedimiento judicial, se adopte un escrutinio que promueve litigios in-necesarios, incrementa los costos y es perjudicial para las partes.
*626 En síntesis, además de ser innecesario, este escrutinio complica los procedimientos en la medida que abre las puertas para que las partes no sean diligentes en el reclamo del derecho que adquirieron contractualmente. Asimismo, crea una categoría discrecional para que, caso a caso, los tribunales determinen si la participación de la parte que reclama el derecho de arbitraje en el foro judicial ha sido lo suficientemente afirmativa como para poderse concluir que ha renunciado a su derecho. Sin duda, esto va a generar una cantidad significativa de litigios tanto a ni-vel de instancia como en los tribunales apelativos. Consecuentemente, va a incrementar los costos y a prolongar innecesariamente la determinación de si la causa de acción debe continuar en el foro judicial o remitirse a arbitraje. En fin, adoptar el escrutinio propuesto crea más inconvenientes que las dificultades judiciales que resuelve.
El demandado que omite argumentar el arbitraje como defensa afirmativa crea una falsa expectativa en el deman-dante a los efectos de que ha renunciado a su derecho y, por lo tanto, la controversia va a ser dilucidada en el foro judicial. Por consiguiente, permitir que posteriormente se plantee la defensa de arbitraje hace que todos los esfuer-zos, tanto del demandante como de su representación legal, sean en vano. Todo esto es contrario al mandato provisto por las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 1, en tanto disponen que deben ser interpretadas de manera que permitan resolver las controversias con justi-cia, agilidad y economía procesal. Véase Olmeda Nazario v. Sueiro Jiménez, 123 DPR 294, 299 (1989). Adoptar el escrutinio propuesto por la Mayoría de este Tribunal lacera este principio en la medida que permite se active la maqui-naria judicial, pase el tiempo, se inviertan esfuerzos y re-cursos y luego, so pretexto de que el demandado solo ha actuado defensivamente, se paralicen los procedimientos para entonces comenzar un proceso de arbitraje.
*627 Por consiguiente, reiteramos que el arbitraje debe ser considerado como una defensa afirmativa. No es propio otorgarle un tratamiento distinto y contradecir nuestros pronunciamientos en McGregor-Doniger v. Tribunal Superior, supra, y PaineWebber, Inc. v. Soc. de Gananciales, supra. Con esta determinación promovemos la diligencia de las partes al momento de responder las alegaciones que se han instado en su contra y, más importante aún, garantizamos la economía de los procedimientos judiciales. Validar el arbitraje como defensa cuando una parte contestó la reclamación que se ha instado en su contra sin invocarlo es, sin duda, un paso para extender la resolución de las controversias y causar perjuicios a las partes.
III
En la situación de hechos que nos ocupa, las partes fir-maron un Contrato donde pactaron el arbitraje para aque-llas controversias que se suscitaran entre el contratista y el dueño de la propiedad. Sin embargo, la recurrida hizo caso omiso de esta disposición y presentó una Demanda ante el Tribunal de Primera Instancia. Por su parte, en la Contestación a la Demanda, la peticionaria no invocó la cláusula contractual como defensa. No es hasta ocho (8) meses después que presentó una Contestación Enmendada a la Demanda y alegó que el tribunal no tenía jurisdicción, debido a que la reclamación no se sometió al proceso de arbitraje.
Determinado que el arbitraje es una defensa afirmativa y que no fue argumentada por el peticionario cuando res-pondió su primera alegación responsiva, podemos concluir que renunció a este derecho. Las partes conocían el acuerdo antes de contestar la Demanda, por lo que no pue-den argumentar que advinieron en conocimiento durante el descubrimiento de prueba. Asimismo, dado que en este *628 caso no ha habido un juicio en sus méritos, tampoco pode-mos considerar que hubo una enmienda conforme a la prueba presentada.
Lo que correspondía era presentar el arbitraje como defensa afirmativa y, conforme la Regla 6.2, supra, incluir aquellos hechos que sustentaran esta alegación. Sin embargo, esto no fue lo que ocurrió. Por contrario, el peticionario no planteó la defensa de arbitraje y participó en el descubrimiento de prueba y en el Informe para el Manejo del Caso, conforme requiere la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V. Según la Declaración Jurada del Sr. Arnaldo Ruiz Rodríguez, secretario de H.R., la paralización de los procedimientos les causaría pérdidas considerables por todo lo que han invertido en el descubri-miento de prueba y en la preparación para el juicio.(6) Con la determinación de que el arbitraje es una defensa afirmativa, además de resolver cónsono con la jurisprudencia y las reglas aplicables, evitamos que se susciten este tipo de situaciones peijudiciales para las partes.
No hay duda de que en Puerto Rico hay una fuerte po-lítica pública a favor del arbitraje. Sin embargo, validar el escrutinio propuesto por la Opinión Mayoritaria solo pro-movería la falta de diligencia de las partes en reclamar su derecho. Asimismo, crearía toda una categoría discrecional en la que los tribunales tendrían que dilucidar si la actua-ción de la parte solamente ha sido defensiva o en efecto han participado afirmativamente en el proceso judicial, re-nunciando a su derecho de arbitraje. Finalmente, no sería cónsono con la política pública de agilidad y economía que se pretende promover a través de los métodos alternos de resolución de disputas.
*629 IV
Por los fundamentos expuestos anteriormente, concurro en confirmar la Sentencia del Tribunal de Apelaciones, la que a su vez confirma la denegatoria de la Sentencia Su-maria presentada por el peticionario ante el Tribunal de Primera Instancia.

 La Regla 6.3 (32 LPRAAp. V) enumera las defensas afirmativas siguientes: (a) transacción; (b) aceptación como finiquito; (c) laudo y adjudicación; (d) asunción de riesgo; (e) negligencia; (f) exoneración por quiebra; (g) coacción; (h) impedimento; (i) falta de causa; (j) fraude; (k) ilegalidad; (1) falta de diligencia; (m) autorización; (n) pago; (o) exoneración; (p) cosa juzgada; (q) prescripción adquisitiva o extintiva; (r) renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa. Por este último inciso, no hay duda de que las defensas afirmativas son numerus apertus. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., JTS, 2011, T. II, pág. 405.

 Véase Comité Asesor Permanente de Reglas de Procedimiento Civil, Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 76.

 Véase Marín v. Fastening Systems, Inc., 142 DPR 499, 510 (1997), donde este Tribunal hizo los pronunciamientos siguientes:
“En el caso de autos, en la moción suplementaria no se solicitaron remedios nuevos o adicionales. De todas maneras, aunque la moción suplementaria de la que-rellante hubiese constituido una enmienda a la querella de la naturaleza antes des-crita, el derecho a presentar las defensas afirmativas previamente renunciadas al no haberse contestado la querella original, no quedó automáticamente restablecido al presentarse dicha enmienda y requerirse una nueva contestación a la querella. Una enmienda a la querella no le brinda al querellado, como concluye el Tribunal de Circuito de Apelaciones en este caso, una nueva oportunidad para contestar la que-rella en su totalidad y levantar todas las defensas afirmativas que tenga. A lo único que tiene derecho el querellado al contestar la querella enmendada es a presentar las defensas nuevas que surgen como consecuencia de las enmiendas.
Asimismo, en Figueroa v. Banco de San Juan, 108 DPR 680, 687-688 (1979), expresamos que no se puede utilizar una acción independiente para traer una cuestión sustantiva que debió haberse traído como defensa afirmativa.

 En este caso, fueron expresiones en el contexto de la defensa de usura, derecho que no es renunciable según el Art. 1652 del Código Civil de Puerto Rico, 31 LPRA sec. 4594.

 El texto de la Regla 8(c) de Procedimiento Civil federal, 28 USCA, dispone lo siguiente:
“(1) In General, In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
• accord and satisfaction;
• arbitration and award;
• assumption of risk;
• contributory negligence;
• duress;
• estoppel;
• failure of consideration;
• fraud;
• illegality;
• injury by fellow servant;
• laches;
• license;
• payment;
• release;
• res judicata;
• statute of frauds;
*622 • statute of limitations; and
• waiver”.

 Véase Apéndice de la Petición de certiorari, págs. 61-63 (Declaración Jurada de Arnaldo Ruiz Quiñones).