EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| H.R., Inc.<br><br>    Recurrida<br><br>        v.<br><br>Vissepó & Diez Construction Corp., et al.<br><br>    Peticionario | Certiorari<br><br>2014 TSPR 39<br><br>190 DPR \_\_\_\_ |

Número del Caso: CC-2012-1089

Fecha: 18 de marzo de 2014

Tribunal de Apelaciones:  Región Judicial de Aguadilla

Abogado de la Parte Peticionaria:

      Lcdo. Luis Martínez Lloréns

Abogados de la Recurrida:

      Lcdo. Carlos M. Sánchez La Costa
      Lcdo. Juan Raúl Mari Pesquera

Materia: Arbitraje – Criterios para determinar si ha habido renuncia al derecho de arbitraje pactado mediante contrato.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

H.R., Inc.

    Recurrida

    v.                         CC-2012-1089    Certiorari

Vissepó & Diez
Construction Corp., et al.

Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 18 de marzo de 2014.

## I.

Los hechos de este caso están muy bien expuestos en la sentencia de la cual se recurre, por lo que pasamos a reproducirlos casi en su totalidad.

El 28 de marzo de 2011, H.R., Inc. (H.R. o recurrida) presentó una demanda sobre vicios de construcción, incumplimiento de contrato, y daños y perjuicios. En términos generales, alegó que suscribió un contrato de obra con Vissepó & Diez Construction Corp. (Vissepó o peticionaria) el 26 de diciembre de 2000, para la construcción del

Hotel Rincón of the Seas por $8,247,767.00, y que dicha parte incumplió con las obligaciones que contrajo al suscribir el referido contrato.[1]

En febrero de 2005, luego de dos años de comenzar a operar el referido hotel, H.R. detectó un consumo en exceso de lo normal en su facturación de agua. A principios del 2006, descubrió que la razón para el exceso de consumo eran varias roturas en las tuberías soterradas y otros problemas con la obra realizada por Vissepó y un subcontratista de Vissepó. En particular, la recurrida alegó que los defectos eran atribuibles a que no se siguieron las especificaciones de los planos de construcción en las labores realizadas por Vissepó. Entre las tareas cuestionadas se encuentran la instalación de las tuberías subterráneas del establecimiento, el relleno del terreno y la construcción de la cisterna. Además, H.R adujo que el incumplimiento de Vissepó ocasionó roturas y cuantiosos gastos por la pérdida de agua y las reparaciones necesarias. Por todos los percances producto

---

[1] El contrato utilizado fue el modelo AIA A101-1997, comúnmente utilizado en este tipo de obra y el cual contiene la siguiente cláusula sobre arbitraje:

4.6 ARBITRATION

4.6.1 Any claim arising out of or relate to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the "Owner´s Representative" or 30 days after submission of the Claim to the "Owner Representative", be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

de la obra realizada por Vissepó, la recurrida solicitó $1,250,000.00 en su demanda.

Así las cosas, el 4 de marzo de 2011 la peticionaria presentó una moción en la que anunció su representante legal y solicitó una prórroga para presentar su alegación responsiva. Acto seguido, el 9 de mayo de 2011, la peticionaria presentó su *Contestación a la Demanda.* En esencia, Vissepó negó las imputaciones de negligencia o incumplimiento contractual y admitió la alegación número 6 de la demanda, en cuanto a la existencia del contrato AIA A101-1997 otorgado por las partes para realizar las obras de construcción. Sin embargo, a pesar de tener conocimiento del contrato desde el 2000, no mencionó que la controversia debía ser dilucidada mediante arbitraje, ni solicitó la suspensión de los procedimientos hasta que se procediera con los métodos alternos como fue pactado en el contrato de construcción.

Cabe señalar que, como parte del descubrimiento de prueba, las partes se cursaron pliegos de interrogatorios y producción de documentos, los cuales fueron contestados. En dichos trámites, las partes procedieron a preparar un informe del manejo del caso al amparo la Regla 37.1 de Procedimiento Civil e intercambiaron literalmente miles de documentos. Además, H.R. notificó a Vissepó el informe de

su perito el Ing. Gregorio Hernández, el cual Vissepó tuvo en su posesión por varios meses.[2]

El 16 de noviembre de 2011 se celebró la vista de estado de los procedimientos, en la cual <u>H.R. informó al tribunal que había producido todos los documentos que entendió relevantes</u>. Asimismo, manifestó que ya se habían preparado otros informes sobre las deficiencias en la obra realizada por Vissepó. Por su parte, el representante legal de Vissepó solicitó un término para que <u>su perito rindiera un informe</u> y <u>para deponer al perito de la parte demandante</u>.[3]

Luego de nueve meses de haber contestado la demanda y de varios incidentes procesales relacionados al descubrimiento de prueba, Vissepó presentó un documento titulado *Contestación Enmendada a la Demanda*. Esto sin solicitar permiso del tribunal mediante moción o contar con el consentimiento escrito de la parte demandante, como lo requiere la Regla 13.1 de Procedimiento Civil.[4] En su

---

[2] Apéndice de la Petición de *certiorari*, pág. 167.

[3] Apéndice de la Petición de *certiorari*, pág. 196.

[4] La Regla 13.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 13.1, establece:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. (…)

contestación enmendada <u>reclamó por primera vez su derecho a arbitraje</u> y adujo que el tribunal de instancia carecía de jurisdicción para atender la controversia de autos debido a que H.R. no había agotado los remedios para la resolución de reclamaciones, según pactado por las partes.[5]

Asimismo, el 23 de enero de 2012 Vissepó presentó una *Moción Solicitando Sentencia Sumaria por Falta de Jurisdicción*, en la cual planteó nuevamente el asunto sobre los métodos alternos. En síntesis, la peticionaria sostuvo que las condiciones del contrato eran claras, libres de toda ambigüedad y disponían la utilización de métodos alternos de resolución de disputas, en particular el arbitraje, como condición precedente a la presentación de un pleito ante el tribunal. Adujo que ello privaba de jurisdicción al tribunal de instancia y, por lo tanto, procedía la desestimación de la demanda instada en su contra.

Posteriormente, el 31 de enero de 2012, H.R. se opuso a que el Tribunal de Primera Instancia aceptara la *Contestación Enmendada a la Demanda* de la peticionaria por estar en violación a las Reglas de Procedimiento Civil. Además, presentó una *Oposición a Moción Titulada "Moción de Sentencia Sumaria por Falta de Jurisdicción"*. Esencialmente, la recurrida adujo que los actos de la

---

[5] Apéndice de la Petición de *certiorari*, págs. 28-29.

peticionaria, anteriores a la presentación de la *Demanda*[6] y durante los trámites procesales ante el tribunal de instancia, demostraron que Vissepó renunció a la resolución de las reclamaciones por medio del arbitraje.

En su oposición, H.R. indicó que Vissepó no levantó oportunamente la resolución del conflicto por medio del arbitraje como una defensa afirmativa. Añadió que paralizar el caso le causaría severos daños de índole económico debido a la organización de la prueba descubierta durante los procedimientos, la contratación de peritos y el descubrimiento de prueba que ahora está en posesión de Vissepó, la cual no tendría derecho en el proceso de arbitraje. A su vez, las partes presentaron sus respectivas réplicas y dúplicas.

Por su parte, el 7 de febrero de 2012, Vissepó anunció la contratación del Ing. Emiliano Ruiz como su perito y presentó una *Demanda Contra Tercero* para traer al pleito a los subcontratistas, Efraín González, S.E., y HQJ Plumbing Contractors, Inc. El 28 de junio de 2012, el tribunal de instancia celebró una vista argumentativa y las partes tuvieron la oportunidad de discutir sus respectivas alegaciones. Así las cosas, el foro primario dictó la *Resolución* el 30 de julio de 2012. En lo

---

[6] La recurrida aduce que en una fecha anterior a la presentación de la demanda, la peticionaria le cursó un escrito en el cual le informaba sobre una deuda pendiente y que no atendería ninguna reclamación por sus trabajos hasta tanto se saldara la misma por completo. Además, expresó que "[e]n cualquier momento podremos acudir al **Tribunal**". Apéndice de la Petición de *certiorari*, pág. 194.

pertinente, la ilustrada sala de instancia determinó, como parte de sus conclusiones de derecho, lo siguiente:

> 7. No obstante la moción de sentencia sumaria radicada por Vissepó & Diez alegando falta de jurisdicción, en este caso no estamos ante un problema de falta de jurisdicción, sino ante una renuncia de una defensa afirmativa por parte del demandado Vissepó & Diez. Es importante recalcar que el demandado Vissepó & Diez es un contratista experimentado en este tipo de contratación bajo AIA, y tenía (o debió tener) conocimiento sobre sus defensas afirmativas que surgen del contrato del 26 de diciembre de 2000, incluyendo los métodos alternos de resolución de disputas. No obstante, Vissepó & Diez no levantó a tiempo la defensa de los métodos alternos de resolución por lo que la renunció.

> 8. Además, <u>la conducta de Vissepó & Diez al participar activamente en el descubrimiento de prueba, presentando interrogatorios, presentando requerimientos de documentos, descubriendo prueba, participando en vistas y anunciando que nombró un perito y que tomará deposiciones y, más importante, radicando una demanda de tercero el 2 de febrero de 2012, es inconsistente con su reclamo del uso de métodos alternos.</u>

Además denegó la Sentencia Sumaria determinando que:

> 9. Por último, como demuestra la Declaración Jurada del Sr. Arnaldo Ruiz y los anejos a la Oposición, existen controversias sustanciales de hechos sobre si Vissepó & Diez renunció a los métodos alternos de resolución de disputas en el Contrato antes de la radicación de la Demanda en este caso.

Inconforme con el referido dictamen, el 14 de agosto de 2012, la peticionaria presentó una *Moción de Reconsideración.* El tribunal de instancia emitió una orden en esa misma fecha, notificada el 15 de agosto de 2012, en la que denegó la solicitud de reconsideración.

Insatisfecho con dicha determinación, el 30 de agosto de 2012, Vissepó recurrió ante el Tribunal de Apelaciones mediante un recurso de *certiorari*. En esencia, alegó que el TPI erró al determinar que la resolución por métodos alternos pactados en el contrato es una defensa afirmativa que se renuncia si no se plantea en su primera alegación responsiva. Además, alegó que el TPI erró al considerar su actuación en el pleito como una renuncia al proceso de arbitraje.

El 31 de octubre de 2012, el Tribunal de Apelaciones emitió su resolución en la cual denegó el recurso. Aún inconforme, el 7 de diciembre de 2012 la peticionaria presentó un recurso de *certiorari* ante este Tribunal y señaló la comisión de los errores siguientes:

> Erró el Tribunal de Apelaciones al relevar a H.R. de sus obligaciones contractuales resolviendo que la Regla 6.3 de Procedimiento Civil establece que el arbitraje y otros métodos alternos de resolución de conflictos pactados contractualmente constituyen defensas afirmativas que se renuncian si no se levantan expresamente en la primera contestación a la demanda.
>
> Erró el Tribunal de Apelaciones al resolver qué V&D [Vissepó] actuó inconsistentemente y renunció a su derecho a exigir que H.R. cumpliese su obligación contractual de agotar los métodos alternos por haber hecho unas gestiones como parte de un descubrimiento de prueba inicial y al radicar una demanda contra tercero.
>
> Erró el Tribunal de Apelaciones al denegar la contestación enmendada a la demanda.
>
> Erró el Tribunal de Apelaciones al denegar la expedición del auto solicitado, confirmando así el dictamen del TPI mediante el cual se declaró sin lugar la solicitud de sentencia sumaria presentada por V&D [Vissepó].

Con el beneficio de las comparecencias de las partes, procedemos a resolver.

## II.

Nuestro ordenamiento jurídico permite que las partes en un contrato puedan obligarse a llevar ante un árbitro, mediante el proceso de arbitraje, las posibles controversias futuras derivadas de su relación contractual. Es por ello que el arbitraje es una figura jurídica inherentemente contractual y es solamente exigible cuando las partes así lo hayan pactado.[7]

En este sentido, en Puerto Rico existe una vigorosa política pública a favor del arbitraje.[8] Esta política se recoge en la Ley Núm. 376 de 8 de mayo de 1951[9] y está motivada por el interés del Estado de facilitar la solución de disputas por vías más rápidas, flexibles y menos onerosas que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes.

A su vez, la política a favor del arbitraje no es extraña en otras jurisdicciones. En la esfera federal, el

---

[7] S.L.G. Méndez Acevedo v. Nieves Rivera, 179 D.P.R. 359, 366-367 (2010).

[8] Quiñones v. Asociación, 161 D.P.R. 668, 673 (2004); Véanse, además, Crufon Const. v. Aut. Edif. Púbs., 156 D.P.R. 197, 205 (2002); Medina v. Cruz Azul de P.R., 155 D.P.R. 735, 738 (2001); PaineWebber, Inc. v. Soc. de Gananciales, 151 D.P.R. 307, 313 (2000).

[9] Ley Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. sec. 3201 et seq.

proceso de arbitraje está regulado por la Ley Federal de Arbitraje, 9 U.S.C. sec. 1 *et seq*. La misma aplica a contratos interestatales y establece que las cláusulas de arbitraje en los contratos son válidas, irrevocables y mandatorias. Cuando se pacta un proceso de arbitraje en un contrato, los tribunales carecen de discreción para determinar su eficacia y tienen que dar cumplimiento al arbitraje según acordado. [10]

En lo pertinente al arbitraje, hemos determinado consistentemente que las partes que voluntariamente se someten a un procedimiento de arbitraje deben agotar los remedios contractuales antes de acudir a los tribunales, salvo que exista justa causa para obviarlo.[11] Ello responde a varias razones, tanto del derecho de obligaciones y contratos como de orden público.[12] De esta forma, las partes acuerdan voluntariamente limitar la jurisdicción sobre su persona de los tribunales, para dar paso al proceso de arbitraje.[13] Esto pues, se favorece la voluntad

---

[10] S.L.G. Méndez Acevedo v. Nieves Rivera, supra, 368 (2010); Véanse, además: Municipio Mayagüez v. Lebrón, 167 D.P.R. 713, 721; *Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).

[11] Vélez v. Serv. Legales de P.R., Inc., 144 D.P.R. 673 (1998); Véanse, además: Pagán v. Fund. Hosp. Dr. Pila*,* 114 D.P.R. 224 (1983); Quiñones v. Asociación, *supra*.

[12] Vélez v. Serv. Legales de P.R., Inc., supra, pág. 682.

[13] Cabe señalar que las cláusulas de selección de foro no afectan la jurisdicción de los tribunales sobre la materia. En Unisys v. Ramallo Brothers, 128 D.P.R. 842 (1991), aclaramos que: "[l]as partes mediante contrato no pueden otorgar ni privar de jurisdicción sobre la materia a un tribunal. Solo el Estado, a través de sus leyes, puede hacerlo así." Unisys v. Ramallo Brothers, *supra,* pág. 862 n.5.
No obstante, la falta de jurisdicción sobre la persona es un derecho individual que puede ser renunciado.

de las partes cuando estas deciden cuál es el mecanismo idóneo para la resolución de sus disputas. Así pues, el arbitraje constituye un medio más apropiado y deseable que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes, ya que es menos técnico, más flexible y menos oneroso.[14]

No obstante, hemos reconocido limitadas excepciones a la regla del cumplimiento previo de la obligación de arbitrar, entre ellas cuando las partes voluntariamente renuncian a dicho derecho. En lo pertinente, en McGregor-Doniger v. Tribunal Superior, 98 D.P.R. 864 (1970), establecimos que "[e]l peso de establecer tal renuncia recae sobre el interventor. Existe una política vigorosa en favor del arbitraje y una marcada renuencia de los tribunales en concluir que se ha incurrido en una renuncia del derecho de arbitraje. Toda duda que pueda existir debe ser resuelta a favor del arbitraje".[15]

Sin embargo, tanto en McGregor-Doniger, supra, como en PaineWebber, Inc. v. Soc. de Gananciales, 151 D.P.R. 307 (2000), distinto al caso de autos, la parte reclamó que el asunto se debía dilucidar ante un árbitro y no en el tribunal desde su primera alegación responsiva, en la

---

[14] Pérez v. Autoridad Fuentes Fluviales, 87 D.P.R. 118, 127 (1963).

[15] McGregor-Doniger v. Tribunal Superior, 98 D.P.R. 864, 869 (1970). Este caso fue posteriormente revocado por Walborg Corp. v. Tribunal Superior, 104 D.P.R. 184 (1975), en cuanto a otros extremos. Véanse además: PaineWebber, Inc. v. Soc. de Gananciales, supra; S.L.G. Méndez Acevedo v. Nieves Rivera, supra.

<u>contestación a la demanda</u>. Esto fue el factor determinante y así lo expresamos en <u>McGregor-Doniger v. Tribunal Superior</u>, supra, como sigue:

> Este caso se distingue del de <u>Cornell & Company v. Barber & Ron Company</u>, 360 F.2d 512 (D.C. Cir. 1966), en que en este último no se invocó el arbitraje en la contestación y además se llevaron a cabo múltiples actuaciones de participación activa en el litigio inconsistentes con el derecho de arbitraje. <u>Gahon Iron Works & Mfg. Co. v. J. D. Adam Co.</u>, 128 F.2d 411 (7th Cir. 1942) no es de aplicación pues resolvió que el demandante había renunciado al derecho de arbitraje al optar por litigar la cuestión en los tribunales.
>
> Las actuaciones de la peticionaria no constituyeron una renuncia de su derecho de arbitraje **pues en su primera alegación en el caso invocó tal derecho y solicitó la suspensión de los procedimientos hasta que se procediese al arbitraje pactado en el contrato.** Sus actuaciones subsiguientes fueron limitadas y no inconsistentes con su posición inicial de insistir en el arbitraje. <u>Hilti, Inc.</u>, supra; <u>Robert Lawrence Co. v. Devonshire Fabrics, Inc.</u>, 271 F.2d 402, 412 (2d Cir. 1959); <u>Almacenes Fernández, S.A. v. Golodeltz</u>, 148 F.2d 625, 627 (2d Cir. 1945).[16]

En <u>Painewebber, Inc. v. Soc. de Gananciales</u>, supra, reafirmamos nuestras palabras anteriores cuando expresamos lo siguiente:

> En <u>McGregor-Doniger v. Tribunal Superior</u>, ante, *como en el caso que nos ocupa*, se alegaba que la contestación a la demanda, la alegación de defensas especiales y la toma de deposiciones allí ocurridas eran actos inconsistentes con el derecho de arbitraje y que, por lo tanto, tales actuaciones de participación activa en el litigio constituían una renuncia del derecho de arbitraje. Resolvimos que "[l]as actuaciones de la peticionaria no

---

[16] <u>McGregor-Doniger v. Tribunal Superior</u>, *supra*, págs. 869-870. (Énfasis en el original y nuestro).

constituyeron una renuncia de su derecho de arbitraje **pues en su primera alegación en el caso invocó tal derecho y solicitó la suspensión de los procedimientos** hasta que se procediese al arbitraje pactado en el contrato". *McGregor-Doniger*, ante. *Reiteramos en el día de hoy lo expresado hace treinta (30) años en el caso antes citado.*[17] (Énfasis en el original y nuestro).

Como adelantamos, es derecho conocido que cuando las partes pactan el arbitraje y este derecho es reclamado en la primera alegación responsiva, lo que procede es detener los procedimientos ante el tribunal y enviar el asunto a arbitraje.[18] Pero, esta no es la situación que nos ocupa en el caso de epígrafe. Hoy nos corresponde resolver la situación cuando un demandado plantea por primera vez el derecho a arbitraje posterior a contestar la demanda, durante el descubrimiento de prueba, y luego de múltiples gestiones en el proceso judicial.

Aunque en Puerto Rico se ha dado tratamiento de defensa afirmativa al reclamo de arbitraje por parte del demandado, lo cierto es que la Asamblea Legislativa nunca ha incluido el arbitraje como defensa afirmativa. No obstante, en el pasado este Tribunal ha reconocido que una vez planteado en la contestación a la demanda, se debe paralizar el procedimiento en los tribunales, por lo que se ha creado cierta confusión.

---

[17] PaineWebber, Inc. v. Soc. de Gananciales, *supra*, págs. 312-313.

[18] *Ibid.*

Como hemos mencionado antes, por décadas se ha enfatizado una fuerte política pública a favor del arbitraje, sin embargo esta no es una preferencia absoluta sobre cualquier otra política pública.[19] En ocasiones los tribunales debemos dejar sin efecto la cláusula de arbitraje, a pesar de ser válida, porque la parte que reclama el derecho a arbitraje ha actuado inconsistentemente con este reclamo. Así ha sido reconocido consistentemente por los tribunales federales cuando un demandado, conociendo su derecho a arbitrar, decide ignorar el mismo y participar activamente en el litigio en los tribunales.[20] No obstante lo anterior, la tarea de determinar si un demandado ha renunciado a su derecho de arbitraje no debe ser tomada livianamente, sino que este análisis debe realizarse a la luz de la fuerte política pública a favor del arbitraje.[21]

En Estados Unidos, la determinación de arbitrabilidad de una controversia no está basada en un criterio rígido uniforme, sino que es tomada caso a caso, según la jurisdicción. Por ejemplo, algunas jurisdicciones atienden el asunto como si el arbitraje se tratara de una defensa afirmativa, que es renunciada si no se reclama en

---

[19] Walborg Corp. v. Tribunal Superior, *supra*, 187 (1975).

[20] A party waives right to arbitrate when he actively participates in lawsuit or takes other action inconsistent with that right. Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (1966).

[21] PaineWebber, Inc. v. Soc. de Gananciales, *supra*, pág. 312.

la primera alegación responsiva.[22] Por otra parte, hay jurisdicciones que consideran que únicamente omitir tal reclamación en la contestación de la demanda no constituye una renuncia, aunque la participación activa del litigante en el tribunal sí es interpretada como una renuncia al arbitraje.[23]

Como ya hemos visto, podemos concluir que a nivel federal se aplica una gran variedad de factores para determinar cuándo la conducta exhibida por la parte demandada constituye una renuncia al proceso de arbitraje. Los factores más comúnmente utilizados son: si las partes han participado activamente en el litigio en corte; si han realizado actos inconsistentes con el proceso de arbitraje; si el proceso de litigación ha sido sustancialmente iniciado; si las partes se encuentran en una etapa avanzada en la preparación para el pleito al momento en que se reclama el arbitraje; cuánto tiempo se han demorado las partes en solicitar que se detengan los procedimientos en el tribunal con el fin de hacer valer la cláusula de arbitraje; el perjuicio causado a la parte contraria por la demora del demandado en reclamar el arbitraje; si el demandado ha reclamado el arbitraje en su

---

[22] State ex rel. Barden and Roberson Corp. v. Hill, 208 W.Va 163, 168-169 (2000); Finlayson v. Waller, 64 Idaho 618, 134 P2d 1069 (1943); Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 128 F.2d 411 (1942); The Belize v. Steamship Owners Operating Co., Inc., 25 F Supp 663 (1938, DC).

[23] Zuckerman Spaeder, LLP v. Auffenberg, 646 F.3d 919 (DC cir., 2011); Cornell & Co. v. Barber & Ross Co., 360 F.2d 512 (1966).

contestación a la demanda; si el demandado ha presentado una reconvención contra el demandante; si el demandado ha presentado una demanda contra tercero por el mismo asunto; si el demandado se ha beneficiado del proceso en los tribunales y si el reclamante busca litigar nuevamente asuntos en los méritos del caso sobre los cuales el tribunal no le dio la razón.[24]

Si bien no existe un criterio estricto uniforme en cuanto a qué actos constituyen una renuncia al derecho a arbitrar, ciertamente la mayoría de las jurisdicciones han definido que la conducta exhibida en corte es crucial para determinar si el demandado ha renunciado al arbitraje. Tan es así que varios tribunales apelativos a nivel federal han determinado que una cláusula que estipule que las partes no podrán renunciar al arbitraje por medio de su conducta se entendería nula si las partes participan activamente en el litigio en corte.[25]

En cuanto a Puerto Rico, recientemente, el 23 de septiembre de 2013, el Tribunal federal para el Distrito de Puerto Rico dictó una sentencia que ciertamente resulta persuasiva. En Pérez v. Horizon Lines, Inc., 2013 WL 5346856, citando a Jones Motor Co. v. Chauffeu, 671 F.2d 38 (1982), y en el contexto de una controversia de si

---

[24] Véanse, Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20 (2d Cir.1995); Pérez v. Horizon Lines, Inc., 2013 WL 5346856.

[25] Gray Holdco, Inc. v. Cassady, 654 F.3d 444 (3rd Cir. 2011); National Union Fire Ins. Co of Pittsburgh, P.A. v. NCR Corp., 376 Fed Appx 70 (2nd Cir. 2010).

correspondía o no dar paso a un arbitraje, el Tribunal de Distrito expresó lo siguiente:

> Entre los factores que resultan pertinentes al evaluar una renuncia se considerará <u>si el reclamante ha participado en el pleito en corte</u>, <u>si se ha puesto en marcha sustancialmente la maquinaria propia de la litigación y en qué momento la parte demandada le comunicó a la demandante su intención de recurrir al arbitraje</u>, <u>si las partes ya se habían adentrado en la preparación del litigio, si los demandados se hubieran beneficiado del proceso de descubrimiento de prueba [propio del ámbito judicial e inexistente en el del arbitraje]</u> y <u>si la tardanza afectó, indujo a error o perjudicó a la otra parte.</u> *Id.* at 44. En *Jones Motor,* el Primer Circuito determinó que la renuncia se había configurado cuando los demandantes se adentraron considerablemente en el proceso de descubrimiento de prueba y prepararon el caso con miras a obtener una sentencia sumaria. *Id.* El Tribunal concurre con lo decidido en *Jones Motor.*[26] (Traducción y subrayado nuestro).

Una situación muy particular se ha visto en la jurisdicción de New York, en la cual el Tribunal Supremo estatal ha considerado que el factor determinante al

---

[26] "Relevant factors to consider when assessing waiver include whether the party has actually participated in the lawsuit, whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, whether defendants had taken advantage of judicial discovery procedures not available in arbitration, and whether the other party was affected, misled, or prejudiced by the delay. *Id.* at 44. In *Jones Motor,* the First Circuit found waiver when the defendants engaged in considerable discovery and prepared their case for summary judgment. *Id.* The court agrees with the holding in *Jones Motor"*. <u>Pérez v. Horizon Lines, Inc.,</u> *supra*, p.13, citando a su vez a <u>Jones Motor Co. v. Chauffeu</u>, 671 F. 2d 38, 43 (1982).

momento de tomar la decisión es el tipo de participación del litigante en el proceso en corte.[27] Dicho tribunal hace una distinción entre litigación defensiva y afirmativa. El propósito de esta diferenciación es el siguiente: si el litigante invoca el proceso judicial defensivamente, no se entiende renunciado el derecho de arbitraje. Por otra parte, si el litigante utiliza el sistema judicial de manera afirmativa, el derecho a arbitraje se infiere renunciado. Se entiende invocado afirmativamente el proceso judicial cuando el litigante solicita fehacientemente los beneficios de la litigación de manera claramente inconsistente con su posterior reclamo de arbitraje.[28]

Por otra parte, se entiende utilizado defensivamente el proceso judicial cuando el demandado únicamente interactúa con el sistema judicial con el propósito de atender una acción en su contra. A modo de ejemplo, y sin pretender hacer un listado exhaustivo, se considera que actúa defensivamente el demandado siempre que contesta los requerimientos del demandante, sin cursar requerimiento alguno por su parte; o cuando simplemente da estricto cumplimiento a las órdenes del tribunal.

---

[27] Tengtu Intl. Corp. v. Pak Kwan Cheung, 24 A.D.3d 170, 172 (2005).

[28] Matter of Waldman v. Mosdos Bobov, Inc., 72 A.D.3D 983 (2010). Véanse, además: Stark v. Molod Spitz DeSantis & Starks, P.C., 9 N.Y.3d 59, 66 (2007); Flores v Lower E. Side Serv. Ctr., Inc., 4 N.Y.3d 363, 372 (2005); Sherrill v Grayco Bldrs., 64 N.Y.2d 261, 272 (1985); Fein v General Elec. Co., 40 A.D.3d 807 (2007).

De igual forma, no se renuncia al derecho de arbitraje en aquellas situaciones en las cuales exista una necesidad urgente de preservar el *status quo* y se requiere una acción inmediata que no puede esperar por el nombramiento de un árbitro. Entiéndase, aquellos recursos interdictales en los cuales el promovente interesa detener acciones que puedan afectar el *status quo*. En estos casos, la presentación del recurso en el sistema judicial no será interpretada como acciones inconsistentes con el posterior reclamo de arbitrar.

A la luz de todo lo anterior, nos parece razonable, justo y conveniente adoptar el escrutinio utilizado en la jurisdicción de Nueva York para determinar si un litigante ha renunciado al derecho de arbitraje por su conducta. Por ello, hoy determinamos que para que una parte prevalezca en su alegación de que la parte demandada renunció no basta con alegar que la parte demandada no reclamó su derecho a arbitrar entre las defensas afirmativas. Además, la parte deberá probar que la parte demandada ha realizado <u>actos afirmativos</u> sin reclamar previamente su derecho a arbitraje.

En conclusión, el simple acto de contestar la demanda sin mencionar el derecho a arbitraje no implica *per se* una renuncia a tal derecho. Para que este derecho se entienda renunciado, el demandado deberá, además, haber utilizado afirmativamente el sistema judicial, conociendo que tenía un derecho a arbitrar, el cual no

reclamó previamente. Sin embargo, ello no impide que los tribunales puedan decretar, por ejemplo, que por la razón de la etapa avanzada de los procedimientos, el demandado incurrió en mala fe o incuria al alegar su derecho a arbitraje.

III.

Pasemos ahora a resolver la controversia según lo antes expuesto. En la situación que nos ocupa no hay duda de que las partes otorgaron un contrato en el cual se obligaron a someter a métodos alternos cualquier disputa que surgiera de su relación contractual. Así lo establecieron en las cláusulas 4.4, 4.5 y 4.6 del contrato.

No obstante, haciendo caso omiso de esto, H.R. acudió al Tribunal de Primera Instancia y radicó una demanda en contra de Vissepó a raíz de los daños sufridos por deficiencias en los trabajos contratados. Por su parte, Vissepó contestó la demanda reconociendo la existencia del contrato, sin mencionar ni reclamar su derecho a arbitraje. Así las cosas, _ambas partes utilizaron el proceso judicial afirmativamente al realizar descubrimiento de prueba e intercambiar miles de documentos_. Como parte del descubrimiento de prueba, Vissepó recibió el informe del perito de H.R. y tuvo oportunidad de estudiarlo por varios meses. Luego de esto, _anunció la contratación de un perito para refutar el_

<u>informe de la parte demandante</u>. Además, Vissepó <u>presentó una demanda contra tercero para responsabilizar al subcontratista en el proceso judicial por las deficiencias sufridas por H.R.</u> Todos estos actos tienden a demostrar que Vissepó pretendía litigar el asunto en el tribunal. La conducta de Vissepó resulta claramente incompatible con su posterior reclamo de paralizar los procedimientos por falta de jurisdicción y comenzar un proceso de arbitraje.

Ciertamente, Vissepó renunció a su derecho de arbitraje, toda vez que sometió interrogatorios a H.R., solicitó descubrimiento de prueba, presentó un perito y radicó una demanda contra tercero. Como ya expresamos, **un demandado no renuncia a su derecho a arbitrar al contestar la demanda o, incluso, responder las solicitudes de descubrimiento de la parte demandante, siempre y cuando lo haga de modo defensivo. Sin embargo, al momento en el que, sin haber reclamado previamente tal derecho, el demandado -como es en el caso de autos- utiliza el proceso afirmativamente, renuncia a poder invocar posteriormente su derecho contractual a dilucidar la controversia ante un árbitro.**

A la luz de la conducta exhibida, determinamos que Vissepó renunció a su derecho de arbitraje al haber utilizado el proceso judicial de forma afirmativa, beneficiándose del mismo sin reclamar previamente el arbitraje.

IV.

Por todo lo anterior, se confirman las determinaciones de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.


                                        Erick V. Kolthoff Caraballo
                                               Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| H.R., Inc.<br><br>    Recurrida<br><br>        v.<br><br>Vissepó & Diez Construction    Corp., et al.<br><br>    Peticionario | CC-2012-1089 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 18 de marzo de 2014.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se confirman las determinaciones de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió Opinión Concurrente a la cual se unió el Juez Asociado señor Rivera García.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| H.R., Inc.<br><br>    Recurrida<br><br>        v.<br><br>Vissepó & Diez Construction Corp., et al.<br><br>    Peticionario | CC-2012-1089 | *Certiorari* |

Opinión Concurrente emitida por la Jueza Asociada señora Pabón Charneco a la cual se une el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, a 18 de marzo de 2014.

Por entender que el arbitraje como método alterno de resolución de disputas es una defensa afirmativa y que no es necesario adoptar el escrutinio esbozado por la Opinión Mayoritaria, solamente concurro con el resultado de los pronunciamientos que anteceden.

I.

El 26 de diciembre de 2000, las partes suscribieron un *STANDARD Form of Agreement between Owner and Contractor,* para la construcción del Hotel Rincón of the Seas. En este Acuerdo se estableció lo siguiente:

> §4.5.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the "Owner´s Representative" or 30 days after submission of the Claim to the "Owner´s Representative", be subject to mediation as a

condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

§4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the "Owner´s Representative" or 30 days after submission of the Claim to the "Owner´s Representative", be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

Así las cosas y a pesar de estas Cláusulas, el 28 de marzo de 2011, H.R., Inc. (en adelante "recurrida"), presentó ante el Tribunal de Primera Instancia, una Demanda por Vicios de Construcción, Incumplimiento de Contrato y Daños y Perjuicios contra Vissepó & Diez Construction Corp. (en adelante "peticionario"). En síntesis, alegó que el peticionario y sus subcontratistas no cumplieron con lo dispuesto en el contrato causándole unos daños ascendentes a un millón doscientos cincuenta mil dólares ($1,250,000.00).

En la Contestación a la Demanda presentada el 9 de mayo de 2011, el peticionario negó las imputaciones de negligencia e incumplimiento contractual, pero no hizo ninguna alusión a las Cláusulas de Mediación y Arbitraje a las que hicimos referencia anteriormente. Aproximadamente ocho (8) meses después, el 18 de enero de 2012, el peticionario presentó una Contestación Enmendada a la Demanda, en la que alegó que el tribunal carecía de jurisdicción para atender la causa de acción ante su

consideración. Esto debido a que no se cumplieron las disposiciones contractuales acordadas: antes de presentar una reclamación en los tribunales, la misma debía ser sometida ante el representante designado, recurrir a mediación y en su defecto a arbitraje.

Posteriormente, el 23 de enero de 2012, el peticionario presentó una Moción de Sentencia Sumaria por Falta de Jurisdicción en la que alegó que el tribunal carecía de jurisdicción porque no se agotaron los métodos alternos de resolución de disputas. Por su parte, el 10 de febrero de 2012, la recurrida presentó una Oposición a Moción Titulada Moción de Sentencia Sumaria por Falta de Jurisdicción. En la misma, alegó que los actos anteriores a la presentación de la Demanda, así como el no levantar los métodos alternos de resolución de disputas como defensa afirmativa, constituyeron una renuncia a este derecho.

Mediante una Resolución emitida el 30 de julio de 2012, el Tribunal de Primera Instancia declaró No Ha Lugar la Moción presentada por el peticionario. **Concluyó que los métodos alternos de resolución de disputas contenidos en el Contrato constituían defensas afirmativas.** Siendo así y considerando que el peticionario es un contratista con experiencia y que no levantó esta defensa a tiempo, determinó que la misma había sido renunciada. Según el Tribunal, esto fue reafirmado por la conducta del peticionario al participar activamente en el

descubrimiento de prueba. Además de contestar la Demanda, presentó una Demanda contra Tercero, interrogatorios, requerimiento de documentos y participó en vistas. Finalmente, el Tribunal determinó que había controversias de hechos en torno a la alegación de los recurridos de que los peticionarios renunciaron a los métodos alternos de resolución de disputas antes de la presentación de la Demanda. Utilizando los mismos fundamentos, luego de declarar No Ha Lugar la Moción de Reconsideración, el Tribunal de Apelaciones denegó el *Certiorari* presentado por el peticionario.

Así las cosas, recurren ante nos y solicitan que revisemos la determinación del Tribunal de Apelaciones y concluyamos que el arbitraje no es una defensa afirmativa, la cual queda renunciada si no se incluye en la primera alegación responsiva.

II.

A.

La Ley Núm. 376 de 8 de mayo de 1951, 32 LPRA Sec. 3201, *et seq.* (Supl. 2013), establece que las partes pueden acordar por escrito someter a arbitraje cualquier controversia existente o futura, siendo este acuerdo uno válido y exigible. Por consiguiente, reiteradamente este Tribunal ha reconocido que el arbitraje es una figura contractual. *S.L.G. Méndez-Acevedo v. Nieves Rivera,* 179 DPR 359, 367 (2010); *U.C.P.R. v. Triangle Engineering*

*Corp.,* 136 DPR 133, 144 (1994); *Rivera v. Samaritano &
Co., Inc.,* 108 DPR 604, 606-607 (1979).

Asimismo, se ha reiterado que hay una fuerte política
pública a favor del arbitraje como método alterno de
resolución de disputas. A tenor con este planteamiento,
hemos expresado que "toda duda que pueda existir sobre si
procede o no el arbitraje debe resolverse a favor de
éste." *S.L.G. Méndez-Acevedo v. Nieves Rivera, supra,* en
la pág. 368 (Citas omitidas). Sin embargo, la viabilidad
del mecanismo está sujeta a que las partes lo hayan
pactado y la forma en que lo han hecho. *Íd.*

Ciertamente, hemos sido enfáticos en nuestras
expresiones a favor del arbitraje dado los beneficios que
se pueden colegir al utilizarlo como un método alterno de
resolución de disputas. El profesor Demetrio Fernández
Quiñones, ha expresado que esta es la alternativa más
formal en relación a la adjudicación y al litigio
judicial. D. Fernández Quiñones, <u>El arbitraje obrero-
patronal</u>, Colombia, Ed. Forum, 2000, pág. 9. Según el
profesor Fernández Quiñones, el carácter seductivo del
arbitraje yace en que es una alternativa más ágil y
económica en comparación con un litigio en nuestro sistema
de justicia. *Íd.,* en las págs. 9-10. En otras palabras,

> [p]ersigue el uso de la institución
> eliminar la solemnidad, los inconvenientes y
> dificultades del proceso judicial. También tiene
> como facultad imponerle un carácter excluyente
> al proceso judicial. Ello se deriva de que una
> cláusula de arbitraje es un contrato que impide
> a los jueces y tribunales conocer de los

conflictos o cuestiones litigiosas sometidas a arbitraje. *Íd.* en la pág. 10 (Citas omitidas).

Además, constituye un medio más apropiado y deseable que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes, ya que es menos técnico, más flexible y menos oneroso. *Vélez v. Serv. Legales de P.R., Inc.,* 144 DPR 673, 682 (1998) (citando a *Pérez v. Autoridad Fuentes Fluviales,* 87 DPR 118 (1963)).

En síntesis, la presunción a favor del arbitraje que tanto ha sido resguardada por nuestro ordenamiento, está sustentada bajo la creencia de que este permite que las partes resuelvan sus conflictos de una manera efectiva, ágil y económica.

B.

Las Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V. R. 6.3, establece una lista **no taxativa** de defensas que una parte deberá expresar afirmativamente al momento de responder una alegación. De acuerdo al tratadista Rafael Hernández Colón, las defensas afirmativas son aquellas que:

presentan planteamientos sustentados por cuestiones de hecho o de derecho que no consisten en negaciones de los hechos alegados en la reclamación contra la cual se formulan. En concreto, una defensa afirmativa es la afirmación que hace el demandado con hechos o argumentos, que de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran presumidas correctas. Son defensas que principalmente comprenden materia de naturaleza sustantiva y/o materia constitutiva de excusa por la cual la parte demandada no deba responder a las reclamaciones instadas en su contra. Estas defensas se incluyen en la contestación y van dirigidas a derrotar de un todo o modificar parcialmente lo que pretende la reclamación.

Las defensas afirmativas no constituyen contrarreclamaciones. Sólo tienen el propósito de derrotar la reclamación contra la cual se formulan. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 5ta. ed., LexisNexis de Puerto Rico, Inc., 2010, págs. 250-251 (Supl. 2012) (Citas omitidas).

A manera de ejemplo, la Regla 6.3, *supra,* enumera varias defensas afirmativas[29] y dispone que deberán ser planteadas de forma clara, expresa y específica. Esto implica que no pueden alegarse de modo general, sino que la parte tiene que ser específica al momento de presentarla. Además, luego de las modificaciones que sufrió la Regla 6.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 6.2, la alegación de la defensa también deberá ir acompañada de una relación de hechos que la fundamenten.[30] Es decir, no basta con mencionarla, sino hay que fundamentarla. De lo contrario, se entenderá que la parte ha renunciado a la defensa. Regla 6.3, *supra.* *Véase además Presidential v. Transcaribe,* 186 DPR 263, 280 (2012).

Por consiguiente, una defensa afirmativa deberá ser incluida al momento de contestar la alegación, no puede plantearse en ninguna otra etapa posterior del proceso

---

[29] La Regla 6.3, *supra*, enumera las siguientes defensas afirmativas: (a) transacción; (b) aceptación como finiquito; (c) laudo y adjudicación; (d) asunción de riesgo; (e) negligencia; (f) exoneración por quiebra; (g) coacción; (h) impedimento; (i) falta de causa; (j) fraude; (k) ilegalidad; (l) falta de diligencia; (m) autorización; (n) pago; (o) exoneración; (p) cosa juzgada; (q) prescripción adquisitiva o extintiva; (r) renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa. Por este último inciso, no hay duda de que las defensas afirmativas son *numerus apertus*. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., JTS, 2011, T.II, pág. 405.

[30] *Véase* Comité Asesor Permanente de Reglas de Procedimiento Civil, *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 76.

judicial. Hernández Colón, op. cit., pág. 251 (Citas Omitidas).[31] *Véase además Díaz Ayala et al. v. E.L.A.,* 153 DPR 675, 695 (2001). Como excepción a esta regla, se podrá presentar posteriormente si la parte advino en conocimiento de ella durante el descubrimiento de prueba. Regla 6.3, *supra.* Esta es la única circunstancia que las Reglas de Procedimiento Civil contemplan para que se permita enmendar la alegación e incluir una defensa afirmativa. Ciertamente, esto está sujeto a que se demuestre que la omisión no se debió a falta de diligencia. Comité Asesor Permanente de Reglas de Procedimiento Civil, *Informe de Reglas de Procedimiento Civil,* supra, en la pág. 76 (citando a *López v. J. Gus Lallande,* 144 DPR 774 (1998)).

No obstante, la jurisprudencia ha establecido que el tribunal podrá considerar una defensa afirmativa que no ha sido planteada en la contestación a la primera alegación,

---

[31] Véase *Marín v. Fastening Systems, Inc.,* 142 DPR 499, 510 (1997), donde este Tribunal hizo los siguientes pronunciamientos:

> En el caso de autos, en la moción suplementaria no se solicitaron remedios nuevos o adicionales. De todas maneras, aunque la moción suplementaria de la querellante hubiese constituido una enmienda a la querella de la naturaleza antes descrita, el derecho a presentar las defensas afirmativas previamente renunciadas al no haberse contestado la querella original, no quedó automáticamente restablecido al presentarse dicha enmienda y requerirse una nueva contestación a la querella. Una enmienda a la querella no le brinda al querellado, como concluye el Tribunal de Circuito de Apelaciones en este caso, una nueva oportunidad para contestar la querella en su totalidad y levantar todas las defensas afirmativas que tenga. A lo único que tiene derecho el querellado al contestar la querella enmendada es a presentar las defensas nuevas que surgen como consecuencia de las enmiendas. (Citas omitidas)

Asimismo, en *Figueroa v. Banco de San Juan,* 108 DPR 680, 687-688 (1979), expresamos que no se puede utilizar una acción independiente para traer una cuestión sustantiva que debió haberse traído como defensa afirmativa.

si esta es producto de una enmienda a las alegaciones mediante la prueba presentada en el juicio, la cual no es objetada por las partes. *J.E. Candal & Co. v. Rivera,* 86 DPR 508, 515-516 (1962).[32]  *Véase además Valle v. Sucn. Wiscovitch*, 88 DPR 86, 91 (1963).

Es importante señalar que excepto por la falta de jurisdicción, las defensas afirmativas tienen que ser levantadas por las partes.  En nuestro ordenamiento el derecho es rogado, siendo impropio que un tribunal actúe como un abogado de la parte. *Álamo v. Supermercado Grande, Inc.*, 158 DRP 93, 105 n.10 (2002).

Ahora bien, la Regla 6.3, *supra*, es equivalente, en parte, a la Regla 8(c) de Procedimiento Civil Federal.[33] Cuevas Segarra, op. cit., pág. 402.  *Véase además Presidential v. Transcaribe, supra,* en la pág. 280.  En la misma, el arbitraje está establecido expresamente como una defensa afirmativa.  Así, varias jurisdicciones le han dado este tratamiento y han concluido que la parte renuncia a su derecho si no incluye el arbitraje como defensa afirmativa en su primera alegación responsiva. Para una aplicación del arbitraje como defensa afirmativa,

---

[32] En este caso, las expresiones fueron bajo el contexto de la defensa de usura, la cual según dispuesto en el Art. 1652 del Código Civil de Puerto Rico, 31 LPRA Sec. 4594, no es un derecho renunciable.

[33] El texto de la Regla 8(c), *supra*, dispone lo siguiente:
> (1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: (a) accord and satisfaction; (b) arbitration and award; (c) assumption of risk; (d) contributory negligence; (e) duress; (f) estoppel; (g) failure of consideration; (h) fraud; (i) illegality; (j) injury by fellow servant; (k) laches; (l) license; (m) payment; (n) release; (o) res judicata; (p) statute of frauds; (q) statute of limitations; and (r) waiver.

véase *Spataro v. Hirschhorn,* 837 N.Y.S.2d 258 (N.Y. 2007); *State ex rel. Barden and Robeson Corp. v. Hill,* 539 S.E.2d 106 (W.Va. 2000); *U.S. v. Commercial Union Ins. Group,* 294 F. Supp. 768 (N.Y. 1969).

Por otro lado, al igual que nuestra Regla, la regla federal tampoco contiene una lista taxativa de todas las defensas afirmativas. Por consiguiente, los tratadistas norteamericanos Wright & Miller han expresado que cuando el demandado tiene alguna duda sobre la clasificación de una defensa, es conveniente que la levante como una defensa afirmativa para evitar que posteriormente se entienda ha renunciado a este derecho. 5 <u>Wright & Miller, Federal Practice and Procedure,</u> Sec. 1278 (2004).

C.

Como bien señala la Opinión Mayoritaria, este Tribunal le ha otorgado un tratamiento de defensa afirmativa al arbitraje como método alterno de resolución de disputas. En *McGregor-Doniger v. Tribunal Superior,* 98 DPR 864 (1970), el demandado alegó que las defensas especiales presentadas por la peticionaria, al igual que la toma de deposiciones constituyeron una renuncia a su derecho de arbitraje. Ante esto, el Tribunal concluyó lo siguiente:

> Las actuaciones de la peticionaria no constituyeron una renuncia de su derecho de arbitraje pues **en su primera alegación** en el caso invocó tal derecho y solicitó la suspensión de los procedimientos hasta que se procediese al arbitraje pactado en el contrato. Sus actuaciones subsiguientes fueron limitadas y no inconsistentes con su posición inicial de

insistir en el arbitraje. *Íd.* en las págs. 869-
870 (Citas omitidas) (Énfasis suplido).

Posteriormente, en *Paine Webber, Inc. v. Soc. de
Gananciales,* 151 DPR 307 (2000), el Tribunal reiteró lo
dispuesto en *McGregor-Doniger v. Tribunal Superior, supra.*
En este caso, luego de culminado el descubrimiento de
prueba y que los demandantes presentaran una solicitud de
desestimación, los demandados reiteraron que lo que
procedía era desestimar el litigio para iniciar el
procedimiento de arbitraje según pactado. Es importante
destacar que desde la Contestación a la Demanda, los
demandados plantearon la defensa de arbitraje y
solicitaron que se desestimara la causa de acción
presentada. La parte demandante fue la que suscribió el
Contrato de Adhesión que contenía la Cláusula de Arbitraje
en cuestión, sin embargo, estaba reclamando que los
demandados renunciaron a este derecho. Por consiguiente,
el Tribunal concluyó que cualquier perjuicio que pudiera
estar sufriendo era autoinfligido y ordenó la paralización
de los procedimientos para que las partes se sometieran al
arbitraje pactado.

Esta jurisprudencia refleja que este Tribunal ha sido
consistente en reconocer que una parte no ha renunciado a
la defensa de arbitraje cuando invocó el derecho en su
primera alegación responsiva. Asimismo, no hay duda de
que el arbitraje como método alterno de resolución de
disputas es cónsono con el tratamiento que en nuestra
jurisdicción se le ha otorgado a una defensa afirmativa.

Esto porque cuando una parte reclama que la controversia debe presentarse en el contexto de un arbitraje en vez de un proceso judicial, no está negando los hechos alegados en la reclamación. Por el contrario, es un asunto de materia sustantiva en la medida que el peticionario está solicitando que se valide lo acordado contractualmente con la otra parte y se permita resolver la controversia en un foro alterno al judicial.

Si bien es cierto que el arbitraje no está expresamente incluido en las defensas enumeradas en la Regla 6.3, *supra*, anteriormente este Tribunal ha utilizado el inciso (r) de esta regla y ha reconocido otras materias constitutivas de defensa afirmativa aparte de las enumeradas. En *Valle v. Sucn. Wiscovitch*, *supra*, en la pág. 90, este Tribunal reconoció que la falta de cooperación de un asegurado es una defensa afirmativa en el contexto de un litigio sobre una póliza de seguro de responsabilidad pública. Al respecto, se expresó que "[c]laramente está incluida en la cláusula final de la Regla 6.3 de Procedimiento Civil de 1958 que dispone: 'cualquier otra materia constitutiva de excusa o de defensa afirmativa'". *Íd.*

Asimismo, en *Insurance Co. of P.R. v. Tribunal Superior,* 100 DPR 405, 408 (1972), reconocimos que la defensa de inmunidad gubernamental en cuanto a los intereses por temeridad son una defensa renunciable si la parte no la levanta al contestar la demanda. Por otra

parte, la inmunidad condicionada también ha sido reconocida jurisprudencialmente como una defensa afirmativa. *Acevedo v. Srio. Servicios Sociales,* 112 DPR 256, 263 (1982). Para ejemplos adicionales sobre actuaciones similares de este Tribunal, véase *Díaz Ayala et al. v. E.L.A.,* 153 DPR 675, 695-696 (2001) (falta de cubierta de una póliza de seguros); *Villanueva v. Hernández Class*, 128 DPR 618, 652 (1991) (defensa del comentario imparcial); *Odriozola v. S. Cosmetic Dist. Corp.*, 116 DPR 485, 506 (1985) (mitigación de daños).

A tenor con lo que hemos expuesto hasta el momento, somos del criterio que debemos ser consistentes con las expresiones anteriores de este Tribunal y concluir que por virtud de la Regla 6.3 (r), *supra*, el **arbitraje es una defensa afirmativa.** Esto implica que cuando una parte quiere establecer que el asunto sobre el cual versa la causa de acción debe ser dilucidado mediante un procedimiento de arbitraje, deberá así hacerlo al momento de contestar su alegación o se entenderá que ha renunciado a este derecho. Esto es así a menos que a pesar de que la parte haya actuado diligentemente, advenga en conocimiento de la existencia de la defensa afirmativa luego de haber presentado la alegación responsiva. En el caso del arbitraje esto es improbable, debido a que como hemos expresado, esto es una figura contractual producto de un acuerdo válido y exigible entre las partes. No obstante, la Regla 6.3, *supra*, así lo permite. Además de esto, como

discutimos anteriormente, la jurisprudencia ha dispuesto que una defensa afirmativa puede ser considerada por el tribunal si es presentada sin objeción mediante la prueba en el juicio. Sin embargo, no contemplamos cómo una parte puede avalar una petición de remitir la controversia a arbitraje cuando ya están en una etapa tan avanzada de los procedimientos.

Además de ser consistente con nuestros pronunciamientos anteriores, concluir que el arbitraje es una defensa afirmativa también es cónsono con el propósito mismo de un método alterno de resolución de disputas. Como bien expresó el Profesor Demetrio Quiñones, lo valioso del arbitraje es que le permite a las partes resolver las controversias de una manera más ágil y económica.

La Opinión Mayoritaria nos invita a que adoptemos pronunciamientos de la jurisdicción de Nueva York y concluyamos que para determinar si una parte renunció a su derecho de arbitraje no se puede considerar simplemente si lo levantó como defensa afirmativa, sino evaluar si la parte actuó afirmativamente en el procedimiento judicial. Para esto, se arguye además, que los tribunales en su discreción, pueden determinar si la parte incurrió en incuria o tuvo mala fe al momento de alegar su derecho de arbitraje.

A la luz de toda **nuestra jurisprudencia**, la cual hemos esbozado anteriormente, no nos parece razonable

adoptar el escrutinio propuesto. Resulta difícil concebir que mientras el arbitraje tiene su razón de ser en la agilidad y economía que le provee a las partes en comparación con un procedimiento judicial, se adopte un escrutinio que promueve litigios innecesarios, incrementa los costos y es perjudicial para las partes.

En síntesis, además de ser innecesario, este escrutinio complica los procedimientos en la medida que abre las puertas para que las partes no sean diligentes en el reclamo del derecho que adquirieron contractualmente. Asimismo, crea una categoría discrecional para que caso a caso los tribunales determinen si la participación de la parte que reclama el derecho de arbitraje en el foro judicial ha sido lo suficientemente afirmativa como para poderse concluir que ha renunciado a su derecho. Sin duda, esto va a generar una cantidad significativa de litigios tanto a nivel de instancia como en los tribunales apelativos. Consecuentemente, va a incrementar los costos y prolongar innecesariamente la determinación de si la causa de acción debe continuar en el foro judicial o remitirse a arbitraje. En fin, adoptar el escrutinio propuesto crea más inconvenientes que las dificultades judiciales que resuelve.

El demandado que omite levantar el arbitraje como defensa afirmativa crea una falsa expectativa en el demandante a los efectos de que ha renunciado a su derecho y por lo tanto, la controversia va a ser dilucidada en el

foro judicial. Por consiguiente, permitir que posteriormente se levante la defensa de arbitraje hace que todos los esfuerzos, tanto del demandante como de su representación legal, sean en vano. Todo esto es contrario al mandato provisto por las Reglas de Procedimiento Civil, 32 LPRA Ap. V R.1, en tanto disponen que deben ser interpretadas de manera que permitan resolver las controversias con justicia, agilidad y economía procesal. *Véase Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). Adoptar el escrutinio propuesto por la Mayoría de este Tribunal, lacera este principio en la medida que permite se active la maquinaria judicial, pase el tiempo, se inviertan esfuerzos y recursos y, luego bajo el pretexto de que el demandado solo ha actuado defensivamente, se paralicen los procedimientos para entonces comenzar un proceso de arbitraje.

Por consiguiente, reiteramos que el arbitraje debe ser considerado como una defensa afirmativa. No es propio otorgarle un tratamiento distinto y contradecir nuestros pronunciamientos en *McGregor-Doniger v. Tribunal, supra* y *Paine Webber, Inc. v. Soc. de Gananciales, supra.* Con esta determinación promovemos la diligencia de las partes al momento de responder las alegaciones que se han instado en su contra, y más importante aún, garantizamos la economía de los procedimientos judiciales. Validar el arbitraje como defensa cuando una parte contestó la reclamación que se ha instado en su contra sin invocarlo,

es sin duda un paso para extender la resolución de las controversias y causarle perjuicios a las partes.

### III.

En la situación de hechos que nos ocupa, las partes firmaron un Contrato donde pactaron el arbitraje para aquellas controversias que se suscitaran entre el contratista y el dueño de la propiedad. Sin embargo, la recurrida hizo caso omiso de esta disposición y presentó una Demanda ante el Tribunal de Primera Instancia. Por su parte, en la Contestación a la Demanda, la peticionaria no invocó la cláusula contractual como defensa. No es hasta ocho (8) meses después que presentó una Contestación Enmendada a la Demanda y alegó que el tribunal no tenía jurisdicción debido a que la reclamación no fue sometida al proceso de arbitraje.

Habiendo determinado que el arbitraje es una defensa afirmativa y que la misma no fue levantada por el peticionario al responder su primera alegación responsiva, podemos concluir que renunció a este derecho. El acuerdo era conocido por las partes antes de contestar la Demanda, por lo que no pueden argumentar que advinieron en conocimiento durante el descubrimiento de prueba. Asimismo, dado que en este caso no ha habido un juicio en sus méritos, tampoco podemos considerar que hubo una enmienda conforme a la prueba presentada.

Lo que correspondía era presentar el arbitraje como defensa afirmativa y conforme la Regla 6.2, *supra,* incluir

aquellos hechos que sustentaran esta alegación. Sin embargo, esto no fue lo que ocurrió. Por contrario, el peticionario no levantó la defensa de arbitraje, participó en el descubrimiento de prueba y en el Informe para el Manejo del Caso conforme requiere la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V R. 37.1. Según la Declaración Jurada presentada por el Sr. Arnaldo Ruiz Rodríguez, Secretario de H.R., Inc., la paralización de los procedimientos les causaría pérdidas considerables por todo lo que han invertido en el descubrimiento de prueba y preparación para el juicio.[34] Con la determinación de que el arbitraje es una defensa afirmativa, además de estar resolviendo cónsono con la jurisprudencia y las reglas aplicables, evitamos que se susciten este tipo de situaciones perjudiciales para las partes.

No hay duda de que en Puerto Rico hay una fuerte política pública a favor del arbitraje. Sin embargo, validar el escrutinio propuesto por la Opinión Mayoritaria solo promovería la falta de diligencia de las partes en reclamar su derecho. Asimismo, crearía toda una categoría discrecional en la que los tribunales tendrían que entrar a dilucidar si la actuación de la parte solamente ha sido defensiva o en efecto han participado afirmativamente en el proceso judicial renunciando a su derecho de arbitraje. Finalmente, no sería cónsono con la política pública de

---

[34] Véase Apéndice en las págs. 61-63 (Declaración Jurada de Arnaldo Ruiz Quiñones).

agilidad y economía que se pretende promover a través de los métodos alternos de resolución de disputas.

IV.

Por los fundamentos expuestos anteriormente, concurro con confirmar la Sentencia del Tribunal de Apelaciones, la cual confirma la denegatoria de la Sentencia Sumaria presentada por el peticionario ante el Tribunal de Primera Instancia.

Mildred G. Pabón Charneco
Jueza Asociada