EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| PaineWebber Incorporated of Puerto Rico<br>        Recurrida<br><br>        v.<br><br>Service Concepts, Inc.;<br>Rolando Avila; Elizabeth Champana de<br>Avila y la Sociedad Legal de<br>Gananciales Compuesta por ambos<br>        Recurrentes | Certiorari<br><br>2000 TSPR 85 |

Número del Caso: CC-1999-0152

Fecha: 13/junio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Lady Alfonso de Cumpiano

Abogado de la Parte Recurrente:

Lcdo. Walter X. Martínez Morillo

Abogado de la Parte Recurrida:

Lcdo. Enrique Figueroa Llinas

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

PaineWebber Incorporated of
Puerto Rico

    Recurrida

        vs.                        CC-99-152        CERTIORARI

Service Concepts, Inc.;
Rolando Avila; Elizabeth
Champana de Avila y la
Sociedad Legal de Gananciales
Compuesta por ambos

    Recurrentes

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 13 de junio de 2000

PaineWebber Incorporated of Puerto Rico radicó ante la Sala Superior de San Juan del Tribunal de Primera Instancia una demanda contra Service Concepts, Inc. (S.C.I.), su presidente Rolando Avila, la esposa de éste, Elizabeth Champana, y la sociedad de bienes gananciales compuesta por ambos, en reclamo de la suma de $24,048.45. Conforme las alegaciones de la demanda, debido a una equivocación cometida por uno de sus empleados, PaineWebber erróneamente le acreditó a la cuenta que S.C.I. tenía con ellos la cantidad de $25,187.50, crédito que le

correspondía a otro de sus clientes; habiendo el codemandado Avila retirado de dicha cuenta, y utilizado en su propio beneficio, la suma reclamada de $24,048.45. En su contestación a la demanda, los demandados plantearon, entre otras cosas, que procedía desestimar la demanda debido a que la controversia a ser dilucidada en la misma tenía que ser sometida a un proceso de arbitraje compulsorio, tal y como las partes lo habían acordado en el "contrato de apertura de cuenta" que ambas partes habían suscrito.[1]

---

[1] La cláusula número 28 del contrato suscrito entre PaineWebber y S.C.I. dispone que:

> "-Arbitration is final and binding on the parties.
> -The parties are waiving their right to seek remedies in court, including the right to jury trial.
> -Pre-arbitration discovery is generally more limited than and different from court proceedings.
> -The arbitrator's award is not required to include factual findigns or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.
> -The panel of arbitrators will typcally include a minority of arbitrators who were or are affiliated with the securities industry.
> I agree and by carrying an account for me you agree, that any and all controversies which may arise between you and me concerning any account, transaction, dispute or the construction, performance or breach of this or any other agreement, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be held under and pursuant to and be governed by the Federal Arbitration Act, and shall be conducted before an arbitration panel convened by the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc., [...]". (Enfasis suplido.)

Ello no obstante, las partes se involucraron activamente en un proceso de descubrimiento de prueba. PaineWebber citó, y tomó, las deposiciones de los codemandados Avila y su esposa. Por su parte, la representación legal de dichos codemandados sometió interrogatorio y requerimiento de documentos a PaineWebber, los cuales fueron cumplimentados. Terminado el descubrimiento de prueba, PaineWebber solicitó sentencia sumaria. Fue, entonces, cuando los demandados <u>reiteraron</u> su solicitud de desestimación, alegando que lo procedente era el arbitraje pactado por las partes.

El tribunal de primera instancia denegó la solicitud de desestimación. Solicitada la revisión, vía certiorari, de la mencionada determinación por la parte demandada, el Tribunal de Circuito de Apelaciones <u>confirmó</u> la misma, expresando, en síntesis, que en atención al perjuicio sufrido por la parte demandante, como consecuencia del trabajo de índole procesal realizado en el caso, ello era lo procedente en derecho.

Inconforme, la parte demandada acudió, vía certiorari, ante este Tribunal imputándole al Tribunal de Circuito de Apelaciones haber errado al así actuar.[2]

---

[2] "1. Erró el Tribunal de Circuito de Apelaciones al no expedir el Recurso presentado y confirmar la Resolución Recurrida declarando "no ha lugar", la solicitud de Desestimación a la demanda en Instancia por haber pacto compulsorio de arbitraje aplicable a las partes y la controversia.

2. Erró el Tribunal de Circuito de Apelaciones al interpretar que la Recurrente renunció al Derecho concedido por la cláusula de arbitraje mencionada."

**Expedimos el auto de certiorari. Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.**

I

El contrato suscrito entre PaineWebber y S.C.I. es la ley entre ellos. *Pacta sunt servanda* es el sabio principio rector al que se enfrenta todo contratante. Compromiso y rigor es el tenor de este principio. Las partes se obligan a todos los extremos de lo pactado que sean conformes a la ley, a la moral y al orden público. Por otro lado, la atadura o vínculo contractual tiene sus límites en la voluntad expresa de las partes y, claro está, en todo aquello que sea derivado de las expectativas razonables de lo que la buena fe dicta respecto a la relación contractual.

La Ley Federal de Arbitraje, 9 U.S.C. sec. 1 *et seq.*, establece una política federal en favor del arbitraje. La misma aplica a contratos en el comercio inter-estatal y establece que las cláusulas de arbitraje en esos contratos son válidas, irrevocables y mandatorias. Una vez acordado el arbitraje, los tribunales carecen de discreción respecto a su eficacia y tienen que dar cumplimiento al arbitraje acordado. Según esta ley, y la jurisprudencia federal interpretativa de la misma, cualquier duda sobre el alcance de las controversias que pueden ser llevadas a arbitraje debe resolverse a favor del arbitraje. Esto aplica tanto a tribunales federales como a los estatales.

Esta ley, simplemente requiere que los tribunales estatales y federales hagan cumplir los acuerdos de arbitraje negociados por las partes como cualquier otro contrato. De hecho, existe una presunción de arbitrabilidad cuando el contrato tiene una cláusula de arbitraje. Así lo señalamos en World Films, Inc. v. Paramount Pict. Corp., 125 D.P.R. 352 (1990).

En McGregor-Doniger v. Tribunal Superior, 98 D.P.R. 864 (1970), señalamos que, pactado en un contrato que toda controversia o reclamación que surja de su interpretación o que esté relacionada con el contrato sería resuelta por arbitraje, los tribunales recurren a "una política vigorosa en favor del arbitraje y [a] una marcada renuencia [...] en concluir que se ha incurrido en una renuncia del derecho de arbitraje. Hilti Inc., supra. Toda duda que pueda existir debe ser resuelta a favor del arbitraje. Galt v. Libbey Owens Ford Glass Co., 376 F. 2d 711 (7th Cir. 1967)."

En McGregor-Doniger, ante, como en el caso que nos ocupa, se alegaba que la contestación a la demanda, la alegación de defensas especiales y la toma de deposiciones allí ocurridas eran actos inconsistentes con el derecho de arbitraje y que, por lo tanto, tales actuaciones de participación activa en el litigio constituían una renuncia del derecho de arbitraje. Resolvimos que "[l]as actuaciones de la peticionaria no constituyeron una renuncia de su derecho de arbitraje pues en su primera

alegación en el caso invocó tal derecho y solicitó la suspensión de los procedimientos hasta que se procediese al arbitraje pactado en el contrato." Reiteramos en el día de hoy lo expresado hace treinta (30) años en el caso antes citado de McGregor-Doniger, ante.

II

En el caso de autos, los recurrentes-demandados plantearon y reclamaron en la contestación a la demanda su derecho a someter la controversia a arbitraje y solicitaron la desestimación de la causa de acción radicada. El tribunal de instancia debió, *motu proprio*, señalar una vista en que se dilucidara esa causal de desestimación en aras de impartirle vida a la clara política pública de alentar el recurso del arbitraje como mecanismo alterno para la resolución de disputas en caso de que efectivamente existiera la cláusula de arbitraje y la misma fuera válida.

El contrato que nos ocupa remite la resolución de las controversias entre S.C.I. y PaineWebber al palio de la Ley Federal de Arbitraje. Dicha Ley, por su parte, autoriza la suspensión de los procedimientos a los fines de que se proceda al arbitraje de conformidad con el convenio (9 U.S.C.A. Sec. 3) Prima Paint Corp. v. Food & Conklin Mfg. Co., 388 U.S. 395 (1966); McGregor-Doniger v. Tribunal Superior, *ante*. Tal debe ser el proceder en este caso.

El caso de autos es uno en el que las dos partes adversas concuerdan en los extremos de lo pactado: la obligación de someter a arbitraje toda disputa que surgiera entre las partes respecto a cualquier cuenta o transacción sobre el acuerdo de corretaje suscrito. Dicho proceso de arbitraje se regiría por la Ley Federal de Arbitraje, 9 U.S.C.A. secs. 1 *ss*.

No hay duda que resulta un tanto impactante en el caso de autos el hecho de que la parte que reclama el derecho a arbitraje es una parte que ha permitido que se mueva la maquinaria del sistema judicial en una reclamación en su contra, que se ha aprovechado de los mecanismos de descubrimiento de prueba, y, más impactante aun, ha admitido haber utilizado el dinero reclamado en perjuicio del demandante.

Por otro lado, la parte que aquí originalmente acudió a los tribunales en busca de remedio a su empobrecimiento --PaineWebber-- es la parte litigante económicamente más poderosa; es la parte que redactó el contrato de adhesión que suscribió el demandado; y es la parte que concibió la cláusula de arbitraje motivo de esta controversia en los términos absolutos y rigurosos de que goza su redacción. Esta parte es una que conocía muy bien la existencia de la cláusula en sus contratos y que, muy fácilmente podía haberla hecho eficaz tan pronto surgió la controversia en aras de cobrar su acreencia.

En fin, la parte que hoy nos pide que decretemos que hubo renuncia al derecho de arbitraje por parte de los demandados, por el hecho de que ya ha gastado mucho en el proceso judicial y resultaría oneroso recurrir a arbitraje en esta etapa, es la misma parte que pudo ahorrarse todo ese dinero, tiempo y esfuerzo si se hubiera ceñido estrictamente a la letra de sus decretos. No vemos que a esa parte se le haya sometido a perjuicios durante su intento de resolver la controversia judicialmente que realmente no hayan sido autoinfligidos.

En conclusión, procede revocar la sentencia recurrida. Se ordena la paralización de la ventilación de la causa por la vía judicial y se ordena a las partes, comparecientes en el pacto de arbitraje, a someterse al mismo según pactado.

Se dictará Sentencia de conformidad.


                                        FRANCISCO REBOLLO LÓPEZ
                                           Juez Asociado

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**


**PaineWebber Incorporated of
Puerto Rico**

    **Recurrida**

        **vs.**                  **CC-99-152**     **CERTIORARI**

**Service Concepts, Inc.;
Rolando Avila; Elizabeth
Champana de Avila y la
Sociedad Legal de Gananciales
Compuesta por ambos**

    **Recurrentes**


**SENTENCIA**


San Juan, Puerto Rico, a 13 de junio de 2000


       Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso. Se ordena la paralización de la ventilación de la causa por la vía judicial y se ordena a las partes a someterse al proceso de arbitraje según pactado.

       Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita. El Juez Asociado señor Hernández Denton no intervino.


                      **Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo**