Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EXPLOWORK ENVIRONMENTAL GROUP, LLC<br><br>APELADO<br><br>v.<br><br>**LA CASA SENIOR LIVING, LLC**; PUTNAM LAC HOLDING, LLC; PUTNAM STOP 22 HOLDINGS, LLC<br><br>APELANTE | TA2026CE00291 | *Certiorari, acogido como Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV10797<br><br>Sobre: Daños y Perjuicios, Incumplimiento de Contrato (Cumplimiento Específico) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026

## I.

El 9 de marzo de 2026, La Casa Senior Living, LLC (apelante) presentó un recurso de *Certiorari*,[1] en el que nos solicitó que revoquemos la *Sentencia Parcial* emitida el 21 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), notificada y archivada digitalmente en autos el mismo día.[2] Mediante dicho dictamen, inter alias, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la apelante.

---

[1] Acogemos el recurso como una *Apelación*, al ser el recurso procedente, al recurrirse de una sentencia parcial que cumple con la Regla 42.3 de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. R. 42.3.

[2] Véase entrada núm. 15 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 10 de marzo de 2026, emitimos una *Resolución* en la que le concedimos a Explowork Environmental Group, LLC (apelada) hasta el 19 de marzo de 2026, para exponer su posición sobre los méritos del recurso.[3]

El 23 de marzo de 2026, el apelado presentó una *Oposición a Petición de Certiorari* en la que solicitó que deneguemos el recurso o, en la alternativa, que confirmemos la *Resolución* apelada.[4]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención del recurso.

## I.

El caso de marras tuvo su génesis el 2 de diciembre de 2025, cuando el apelado presentó una *Demanda* sobre daños y perjuicios e incumplimiento de contrato en contra del apelante.[5] Alegó que las partes suscribieron dos contratos el 22 de noviembre de 2024, mediante los cuales la apelada se comprometió a demoler un edificio localizado en la Avenida Ponce de León en San Juan, Puerto Rico. Reclamó que, en estos, las partes acordaron resolver cualquier disputa relacionada a los contratos a través de un proceso de arbitraje administrado por la American Arbitration Association.

El 3 de julio de 2025, la parte apelante envió una Carta de Intención en donde le informaba a la apelada que tenía la intención de rescindir los contratos unilateralmente por justa causa debido a alegados incumplimientos de la parte apelada. Posteriormente, la apelante envió una segunda carta donde notificó a la apelada que daba por terminados los contratos.

Presentada la demanda, la parte apelante presentó una *Moción de Desestimación* el 2 de enero de 2026, solicitándole al TPI

---

[3] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[4] Íd., entrada núm. 5.
[5] Véase entrada núm. 1 del expediente del caso en el SUMAC-TPI.

que desestimara o, en la alternativa, paralizara la demanda en contra de La Casa Senior Living, LLC por existir una cláusula de arbitraje vinculante entre esta y la parte apelada.[6] El 8 de enero de 2026, la apelada presentó una *Moción eliminatoria o en la alternativa oposición para que se declare sin lugar de plano la moción de desestimación* en la que solicitó que el foro primario declarara No Ha Lugar a la moción de desestimación.[7]

El 21 de enero de 2026, el TPI emitió una *Sentencia Parcial* en la cual determinó que la apelante rechazó el proceso de mediación y arbitraje pactado al cancelar los Contratos.[8] En conformidad con lo anterior, ordenó la continuación de los procedimientos y concedió el término de treinta días para presentar contestación a la Demanda.

Oportunamente, el 5 de febrero de 2026, la apelante sometió una *Moción de Reconsideración*.[9] Consecuentemente, el 6 de febrero de 2026, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de Reconsideración* presentada por la apelante.[10]

Inconforme con la determinación del foro primario, la apelante presentó un recurso de *certiorari* ante este Tribunal de Apelaciones en la que formuló los siguientes señalamientos de error:

> PRIMERO: Erró el TPI al declarar inoperante la cláusula de arbitraje libremente pactada por las partes, a pesar de que la Apelante la invocó de manera oportuna y antes de someterse al litigio judicial, en ausencia de conducta incompatible con el ejercicio del derecho a arbitrar. Al así proceder, el TPI dejó sin efecto un acuerdo de arbitraje válido en contravención de la política pública federal y estatal que exige una rigurosa aplicación de los acuerdos de arbitraje según al Federal Arbitration Act.
>
> SEGUNDO: Erró el TPI al adjudicar que la Apelante renunció a su derecho contractual de arbitraje, cuando la alegada renuncia ("waiver") constituye una cuestión de arbitrabilidad procesal que corresponde ser resuelta por el árbitro y no por el tribunal. Al asumir dicha determinación el tribunal invadió la esfera decisional reservada al foro arbitral y resolvió una controversia que le compete exclusivamente al árbitro.

---

[6] Íd., entrada núm. 11.
[7] Íd., entrada núm. 13.
[8] Íd., entrada núm. 15.
[9] Íd., entrada núm. 17.
[10] Íd., entrada núm. 19.

TERCERO: Erró el TPI al ordenar la continuación del litigio judicial y requerir a la Apelante presentar contestación a la Demanda, obligándola a litigar en el foro judicial una controversia que las partes acordaron resolver mediante arbitraje. Dicha determinación frustra el propósito fundamental del arbitraje y es incompatible con la norma establecida por el Tribunal Supremo de Estados Unidos de que los tribunales deben hacer cumplir los acuerdos de arbitraje según sus términos.[11]

En resumen, la apelante reclamó que el foro primario erró al determinar que las partes habían mutuamente rechazado el proceso de arbitraje según pactado y ordenar que continuaran los procedimientos por la vía judicial. Como respuesta, la apelada presentó una *Oposición a Petición de Certiorari* en la que solicitó que se denegara la expedición del auto de *Certiorari*.[12]

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

## II.

## A.

La Regla 42.3 de Procedimiento Civil, *infra*, permite que, cuando en un litigio civil existan múltiples partes o reclamaciones, sea posible adjudicar una de ellas de forma parcial sin disponer de la totalidad del pleito. ***Rodríguez et al. v. Hospital et al.,*** 186 DPR 889, 906 (2012). Específicamente, dispone que:

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.

Cuando se haga la referida conclusión y orden expresa, **la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada**, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2. (Énfasis suplido). Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3.

---

[11] Véase entrada núm. 1 del expediente del caso en el SUMAC-TA.
[12] Íd., entrada núm. 5.

**B.**

A su vez, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, enumera los supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de contestar o por medio de la misma contestación a la demanda. Estos son: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. *Blassino Alvarado v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

Es norma reiterada que los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción, obligados a considerar dicho asunto incluso *motu proprio. Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). Por tal motivo, cuando el tribunal no tiene la autoridad para atender el recurso, sólo goza de jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Íd.* Ello, debido a que la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede atribuírsela. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013).

**C.**

En materia contractual, el Artículo 1237 del Código Civil de Puerto Rico, 31 LPRA sec. 9771, dispone que los contratos son fuente de obligación entre las partes, siempre que concurran los elementos de consentimiento, objeto y causa. De manera que, una vez los contratos se perfeccionan por el mero consentimiento, desde entonces obligan no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su

naturaleza sean conformes a la buena fe, al uso y a la ley. Artículo 1062 del Código Civil de Puerto Rico, 31 LPRA sec. 8983.

De igual manera, es norma reiterada en nuestro ordenamiento jurídico el principio de la autonomía contractual. Ello permite a las partes establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre y cuando estos no sean contrarios a las leyes, la moral y el orden público. Artículo 1232 del Código Civil, 31 LPRA sec. 9753.  Sobre la interpretación de los contratos, el Artículo 354 del Código Civil de Puerto Rico, 31 LPRA sec. 6342, establece que, si los términos del contrato son claros y no dejan duda sobre la intención de los contratantes, se observará su sentido literal.

Respecto a la cláusula que nos corresponde interpretar, en Puerto Rico existe una vigorosa política pública a favor del arbitraje. *Hope Tucker v. Money Grp., LLC*, 2026 TSPR 9, 217 DPR ___ (2026); *H.R., Inc. v. Vissepó & Diez Constr.*, 190 DPR 597, 605 (2014). Esta política, recogida en la Ley de Arbitraje de Puerto Rico, Ley Núm. 147-2024, 32 LPRA sec. 3230 *et seq.*, está motivada por el interés del Estado de facilitar la solución de disputas por la vía más rápida, flexible y menos onerosa que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes. *H.R., Inc. v. Vissepó & Diez Constr.*, supra. El Tribunal Supremo de Puerto Rico ha expresado que "[e]l arbitraje es un método alterno para la solución de conflictos, y su propósito es que las partes presenten sus controversias ante un ente neutral (un árbitro o un panel de árbitros) con autoridad para adjudicar e imponer una decisión a las partes". *Aquino González v. AEELA*, 182 DPR 1, 19 (2011).

A nivel federal, el arbitraje está recogido por la Ley Federal de Arbitraje, 9 USCA sec. 1 *et seq.* Esta ley aplica a cualquier contrato de transacción comercial y dispone que las cláusulas de arbitraje libremente pactadas entre las partes serán válidas, irrevocables y

exigibles, salvo que exista en derecho algún fundamento para su revocación. 9 USCA sec. 2.

Cuando se pacta un proceso de arbitraje, los tribunales carecen de discreción para determinar su eficacia y deben asegurar su cumplimiento conforme a los términos pactados. *H.R., Inc. v. Vissepó & Diez Constr.*, supra, pág. 605; *S.L.G. Méndez-Acevedo v. Nieves Rivera*, 179 DPR 359, 368 (2010); *Municipio Mayagüez v. Lebrón*, 167 DPR 713, 721 (2006); *Moses H. Cone Memoria Hosp. v. Mercury Const. Corp.*, 460 US 1, 24 (1983). Toda duda que pueda surgir de la interpretación de un contrato respecto al derecho de arbitraje deberá ser resuelta a favor del arbitraje. *PaineWebber Inc. of Puerto Rico v. Service Concepts, Inc.*, 151 DPR 307, 312 (2000).

No obstante, hemos reconocido limitadas excepciones a la regla del cumplimiento previo de la obligación de arbitrar, entre ellas, cuando las partes renuncian voluntariamente a ese derecho. *H.R., Inc. v. Vissepó & Diez Constr.*, supra, pág. 606. Para que este derecho se entienda renunciado, las partes deben haber participado activamente del proceso judicial sin haber reclamado que tenían un derecho a arbitrar. *Íd.*, pág. 613. A su vez, La Ley de Arbitraje de Puerto Rico dispone que "en ningún caso el tribunal se negará a ordenar el inicio o continuación de un proceso arbitral basado en su criterio sobre los méritos de la reclamación [. . .] salvo que las circunstancias permitan concluir que las partes han renunciado con sus comportamientos a los términos de dicho pacto." Artículo 2.05 de la Ley Núm. 147-2024, 32 LPRA sec. 3231d. Por otra parte, la Ley Federal de Arbitraje, establece que, una vez pactado el arbitraje, los tribunales tienen que cumplir con lo convenido y, a solicitud de parte, suspender el proceso judicial hasta que concluya el proceso de arbitraje pactado, excepto que quien

solicite la paralización no esté impedido de reclamar su cumplimiento. 9 USCA sec. 3.

La determinación de arbitrabilidad de una controversia no debe tomarse livianamente, sino que este análisis deberá realizarse a la luz de la fuerte política pública a favor del arbitraje. *H.R., Inc. v. Vissepó & Diez Constr.*, supra, pág. 609. Esta decisión no se basa en un criterio rígido, sino que se evalúa caso a caso. Acogiendo el escrutinio desarrollado en la jurisdicción de Nueva York, el Tribunal Supremo de Puerto Rico adoptó los siguientes criterios para evaluar si las partes habían renunciado al proceso de arbitraje: (1) si el reclamante ha participado en el pleito en corte, (2) si se ha puesto en marcha sustancialmente la maquinaria propia de la litigación, (3) en qué momento la parte demandada le comunicó a la demandante su intención de recurrir al arbitraje, (4) si las partes ya se habían adentrado en la preparación del litigio, (5) si los demandados se hubieran beneficiado del proceso de descubrimiento de prueba (propio del ámbito judicial e inexistente en el del arbitraje) y (6) si la tardanza afectó, indujo a error o perjudicó a la otra parte. *H.R., Inc. v. Vissepó & Diez Constr.*, supra, págs. 609-610.

### III.

En el caso de marras, la apelada presentó su reclamación ante el foro judicial para dilucidar controversias relacionadas a dos contratos de obra pactados entre las partes. En estos, las partes acordaron que cualquier disputa que surgiera se atendería en un proceso de arbitraje administrado por la American Arbitration Association. Específicamente, respecto a este asunto, los contratos establecían:

> *§ Arbitration*
>
> *§ 15.4.1 If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, **any Claim subject to, but not resolved by mediation shall be subject to arbitration** which, unless the parties mutually agree otherwise, shall be administered by the*

*American Arbitration Association in accordance with its Construction industry Arbitration Rules in effect on the date of the Agreement. A demand for arbitration shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the arbitration. The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.* (Énfasis suplido).[13]

Como mencionamos anteriormente, el Tribunal Supremo adoptó una serie de criterios para determinar si una parte realizó *actos afirmativos* en un pleito y, por consiguiente, renunció al derecho de arbitraje que había estipulado. Estos criterios incluyen que se haya puesto en marcha sustancialmente la maquinaria de la litigación, que las partes hayan adentrado en el litigio, si se beneficiaron de un proceso de descubrimiento de prueba, entre otros. **H.R., Inc. v. Vissepó & Diez Constr.**, supra, págs. 609-610. En el caso que nos concierne, la apelante no había contestado la demanda y reclamó su derecho a arbitrar tan pronto se presentó la *Demanda* mediante una moción de desestimación, en esta etapa del pleito.

El foro primario resolvió que el no haber solicitado un proceso de mediación o arbitraje al momento de resolver unilateralmente el contrato, implica un acto afirmativo que constituye una renuncia al derecho de arbitraje. No estamos de acuerdo con esta determinación. La jurisprudencia vigente claramente indica que para poder considerar sus actos como afirmativos, es necesario que la parte permita que "se mueva la maquinaria del sistema judicial [...], que se [haya] aprovechado de los mecanismos de descubrimiento de prueba". **PaineWebber, Inc. v. Soc. de Gananciales,** 151 DPR 307, pág. 313. No podemos resolver que ha habido un proceso de litigio que implique una renuncia tácita de parte de la parte apelante a someterse al proceso de arbitraje.

---

[13] Véase entrada núm. 1 de SUMAC-TA.

Aceptar otra conclusión implicaría la creación de un mecanismo para ofuscar y eludir las cláusulas de arbitraje debidamente pactadas cuando precisamente existen para dilucidar estos tipos de controversias.

De un análisis objetivo, sereno y cuidadoso de los escritos de las partes, sus alegaciones, expediente y el derecho aplicable surge que el TPI debió paralizar los procedimientos y ordenar a las partes comparecientes a someterse al proceso de arbitraje según pactado en los contratos, a tenor con la normativa jurídica estatal y federal que enmarca el marco jurídico del arbitraje.

**V.**

Por los fundamentos pormenorizados, se revoca la *Sentencia* apelada. En su lugar, se ordena la paralización de los procedimientos en la vía judicial y se ordena a las partes someterse al proceso de arbitraje según pactado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones